538 P.2d 393
**ARIZONA STATE LIQUOR BOARD,**
**Appellant,**

v.

**Louis POULOS, Appellee.**

**No. 11687.**

Supreme Court of Arizona,
In Division.

July 15, 1975.
Rehearing Denied Sept. 16, 1975.

Gary K. Nelson, Former Atty. Gen., N. Warner Lee, Former Atty. Gen. by Stirley Newell Cantor and Nicholas C. Guttilla, Asst. Attys. Gen., Phoenix, for appellant.

Charles E. Marshall, Phoenix, for appellee.

HOLOHAN, Justice.

The State of Arizona appeals from an order of the superior court overruling a decision of the Arizona State Liquor Board. In 1971, the Board "revoked" a liquor license for non-use that had been originally issued to Louis Poulos in 1965.

The disposition of this case is controlled by statute:

"A license which is not used by the licensee for a period in excess of six months shall revert to the state, except that the board may grant additional time if, in its judgment, the licensee is in good faith attempting to comply with this subsection." A.R.S. § 4–203(F).

Liquor licenses, once issued, must be renewed annually. A.R.S. § 4–209. In early February, 1971, the Superintendent of the Department of Liquor Licenses and Control discovered that the Poulos license was not actively in use. After the Superintendent brought the matter to the licensee's attention, Poulos sought an extension of time from the Liquor Board in order to attempt to put the license into use.

The Board denied the requested extension of time and ordered Poulos to show cause why the license shouldn't be revoked

for violation of A.R.S. § 4–203(F), the non-use provision.

Following a hearing, the Board revoked the license and Poulos appealed. The superior court vacated the Board's revocation order and ordered the Board to give Poulos an extension of time to transfer or use the license.

 The police power of the States over intoxicating liquors was extremely broad prior to the Twenty-first Amendment of the United States Constitution. Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971). The broad sweep of the Twenty-first Amendment has been recognized as conferring something more than the normal state authority over public health, welfare, and morals. California v. LaRue, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972). In regulating the sale of intoxicating liquors the state may require that sellers of such products be licensed. A liquor license is a temporary privilege issued under the police power of the state which authorizes the licensee to sell intoxicating liquors. Hooper v. Duncan, 95 Ariz. 305, 389 P.2d 706 (1964), *appeal dismissed,* 379 U.S. 27, 85 S.Ct. 186, 13 L.Ed.2d 173. As between the state and the licensee, a liquor license is not a property right or contract; it is a privilege to engage in a business subject to the regulation of the state. Hooper v. Duncan, *supra.*

 Similar requirements to those found in A.R.S. § 4–203(F) were first added to the liquor control laws of this state in 1961. The object of the statute was to end a practice which had developed by which certain license holders held liquor licenses without actually conducting a liquor business. The licenses were held for speculation and they were colloquially called "vest pocket" licenses. It is clear that the legislative policy is that licensees must use their license for the purpose of engaging in the business activity covered by the license, and if the license is not so used it reverts to the state.

The evidence is uncontroverted that the appellee had not placed his #9 Retail Liquor Dealer license in use since 1968. The appellee offered testimony to show that he had tried to "sell" the license to others without success. At no time prior to 1971 did appellee apply for an extension of time to effect a transfer of the license.

At the hearing before the Liquor Board, the appellee presented evidence showing that he had entered into an agreement to transfer the license; that an application to transfer had been filed February 26, 1971; that the license would be in use in a matter of months.

The State Liquor Board heard the evidence and found:

"That the spirituous liquor license has not been used in any business established for such purpose for a period in excess of six months and that no extension of time in which to place the license in use has been granted by the State Liquor Board in violation of Title 4, A.R.S., Section 4–203, subsection F."

The Board ordered the license revoked.

The superior court, after hearing the appeal, set aside the action of the State Liquor Board as arbitrary and capricious, and the superior court ordered the Board to grant a reasonable extension.

 The action of the superior court was incorrect. Appellee was not entitled to an extension of time. His license should have reverted to the state much earlier. Since his license had not been put in use for in excess of six months, the license, by operation of law, reverted to the state. The fact that an extension was applied for when his default was discovered is no legal basis to frustrate the plain meaning and intent of the statute.

It must be noted that the liquor department in 1971 initiated the practice of adding a question to the renewal application which required a licensee to indicate whether the license was in use. Appellee's application for 1971 indicated that the license was in use. This was, of course, un-

**122**

true. It is not necessary to contest the appellee's claim that this representation was made by mistake or misunderstanding, but it does serve to remove any equitable claim which appellee might assert concerning the inaction of the state for over two years. Apparently, 1971 was the first year the liquor department sought to identify licenses not in use at the renewal period. Prior to that time field investigation or third party information was the only means of learning of the use or non-use of any given license.

■ The procedure of the liquor board in holding a hearing to revoke the license was unnecessary and legally incorrect. The burden rested upon the licensee to make a timely request for an extension of time to utilize the license. If the request is timely, the liquor board, in its judgment, must determine whether a good faith effort is being made to comply with the statute. If an extension is denied, the licensee may appeal such decision under A.R.S. § 4–211. If he does not appeal, the action of the board is final, and the license should be reverted to the state, and the licensee notified of that fact. The action is not a revocation. The statute is plain that the matter is one of reversion to the state.

By examining the licensee's request for an extension of time, the transcript of the subsequent hearing, and the files of the Department of Liquor Licenses and Control, we cannot say that the liquor board abused its discretion or acted arbitrarily or capriciously in disallowing additional time to comply with the six months use requirement. Arizona Board of Regents v. Superior Court, 106 Ariz. 430, 477 P.2d 520 (1970).

Negotiations to transfer the license to a large foodstore chain sprang up after the Superintendent discovered that the license was not being used. Although an agent for Poulos had made at least six recorded attempts in three years to make use of the license, there were periods between inquiries of as long as nine or thirteen months.

■ Whenever there is any competent evidence to support the decision of the liquor board, as we believe there is here, it must be upheld even though an opposite conclusion could also have been reached. Garcia v. Arizona State Liquor Board, 21 Ariz.App. 456, 520 P.2d 852 (1974).

■ The appellee argues that the past inactivity of the license is irrelevant to the issue because a license expires on December 31 of each year. A.R.S. § 4–209(A). Each year, he contends, must be considered separately, and the Board should not have denied his request for an extension of the license which would have been put in use shortly after the end of June, 1971. The argument is facile but insubstantial. The above section fixes the date for expiration of licenses for fee purposes. A.R.S. § 4–209.01 confirms this in that it recognizes and provides for a penalty for late payment of fees for renewal of the license. In effect, the statutes recognize that the same licensee has the same privilege but he must pay an annual fee.

■ As we read A.R.S. § 4–203(F), the six months period when the license is not in use may include consecutive months at the end of one year and the beginning of the next. Thus, a license which was not in use from October 1, 1970 through and including April 1, 1971 would revert to the state unless the Liquor Board granted an extension of time to put the license in use.

The license of appellee, by reason of its long period of non-use, reverted to the state. The action of the Liquor Board in refusing to grant an extension was proper under the statute. The superior court should not have ordered the Liquor Board to grant an extension. The order of the superior court is reversed, and the cause is remanded to that court to return the matter to the State Liquor Board to revise their order to show the license as reverted rather than revoked.

CAMERON, C. J., and LOCKWOOD, J., concur.