570 P.2d 195

Inez C. NUNNALLY dba Guys and Dolls, June C. Mondhink, a married woman, Barry Allen Reiss and Ronald S. Bookbinder, Appellants,

v.

Harold H. MOORE, Superintendent, Department of Liquor Licenses and Control, Appellee.

No. 1 CA–CIV 3207.

Court of Appeals of Arizona, Division 1, Department B.

July 19, 1977.

Rehearing Denied Sept. 23, 1977.

Review Denied Oct. 12, 1977.

Kanne & Bickart by Allen B. Bickart, Phoenix, for appellants.

Bruce E. Babbitt, Atty. Gen. by J. Michael Low, Asst. Atty. Gen., Phoenix, for appellee.

OPINION

WREN, Judge.

This appeal concerns the revocation of a liquor license by the Department of Liquor Licenses and Control. The facts reveal that in 1972 June Mondhink sold certain premises known as "Guys and Dolls" along with a series 6 spiritous liquor license to Inez Nunnally. As security for the purchase price, Mondhink filed a restriction on the liquor license with the Department. The restriction was on a form supplied by the Depart-

ment and provided that if Nunnally should violate her agreement with Mondhink or violate any law regarding her license, that the Department was authorized by Nunnally to retransfer the license to Mondhink, her heirs or assigns.

In 1973, Mondhink assigned her restriction on the license to Reiss and Bookbinder as security for a loan. Reiss and Bookbinder then filed their own restriction on the same form supplied by the Department and Mondhink released her restriction on the license.

In 1974, the appellee, Superintendent of the Department, issued an Order to Show Cause why Nunnally's license should not be revoked or suspended due to certain alleged violations of law. No notice of the proceeding was given to Mondhink or Reiss and Bookbinder. After a hearing, the Department entered an order revoking Nunnally's license. Nunnally appealed the revocation to Superior Court pursuant to the authority of A.R.S. § 4–211. Thereafter Mondhink and then Reiss and Bookbinder moved and were granted permission to intervene. The trial court affirmed the Department's revocation of Nunnally's license and Reiss and Bookbinder filed this appeal.

Appellants first contend that the Department's failure to notify them of the Order to Show Cause hearing violated their rights to Due Process and also violated the Department's own regulation. Appellants' Due Process Claim is that the Department deprived them of their property rights in the liquor license without notice and an opportunity for a hearing.

Although a liquor license is a property right between the licensee and third parties, as between the licensee and the State, the license is merely a privilege subject to the State's police power. *Arizona State Liquor Board v. Poulos,* 112 Ariz. 119, 538 P.2d 393 (1975); *Hooper v. Duncan,* 95 Ariz. 305, 389 P.2d 706 (1964). The licensee is entitled to procedural Due Process under the Fourteenth Amendment of the federal Constitution before the license can be suspended or revoked. *Bell v. Burson,* 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971).

Appellants are not holders of any license themselves but merely hold restrictions on a license. In arguing they were wrongfully deprived of notice and the opportunity to appear at the hearing, they direct our attention to Regulation R4–15–58 adopted by the Department in 1974.

"R4–15–58. Filing of Legal or Equitable Interest

A. In accordance with A.R.S. § 4–112B(4), all persons having a legal or equitable interest in a spirituous liquor license shall file with the Superintendent a statement of such interest on a form prescribed and furnished by the Department. Notice of termination of such interest shall be filed in writing by the interest holder upon final determination of the interest. Interest holders shall immediately file amended statements to reflect any change in the current statements presently on file.

B. The Superintendent may periodically, by notice to the holders of interests filed under this regulation and under A.R.S. § 4–112B(4), require such interest holders to verify in writing to the Superintendent that the statement presently on file is currently correct and accurate and, if not, such interest holder shall immediately file an amended statement or termination notice. If no response is received by the Superintendent within thirty (30) days of the mailing of such notice, the interest shall be deemed terminated.

C. All persons having filed statements of interest in accordance with this regulation and the statute shall be given notice of all matters and/or actions affecting or regarding the spirituous liquor license in which they have an interest.

D. *Notice as required in C. above shall be fully effective by mailing a copy thereof by registered or certified mail in a sealed envelope with postage prepaid and addressed to such person at his address as shown by the statement on file with the Board.* Service of such notice shall be complete when deposited in the U.S. Mail.

E. All interest holders who are entitled to receive notice as provided for hereinabove shall have the right to appear and participate in person and through counsel in any hearing held before the Board or Superintendent affecting the subject spirituous liquor license as his interests may appear.

F. *The statement of legal or equitable interest* shall allow the person filing said statement to participate in the proceedings and *shall not in any manner bind the Superintendent or the State Liquor Board concerning the matter under consideration.* (Emphasis added.)

Subsection C of the above-quoted regulations provides that notice be given to persons having interests in a license similar to those asserted by Reiss and Bookbinder. Mondhink was not entitled to any notice because her restriction had been released. However, Subsection D provides that the required notice must be sent to the restriction holder at his address *"as shown by the statement on file* with the Board." (Emphasis added.) An examination of the restriction filed by Reiss and Bookbinder shows that no address was contained therein. An affidavit of the secretary for the Department states that no notice was sent to Reiss and Bookbinder because no address for them was included on their filed restriction.

Appellants acknowledge in their brief that a "large administrative agency should not be put to the task of having [to] search its records and other sources for the names and addresses of persons to whom notice is to be given." They nevertheless claim that they were relieved of their responsibility to provide their address in this case because they utilized a form prepared by the Department to implement its regulation, and that form did not provide a space for addresses.

Our review of the actual documents in this record shows that the "form" used by the appellants was not in fact a form prepared by the Department to implement this regulation. It was a portion of a form developed for another purpose and which

the appellants undertook to modify to give the information which they felt appropriate. Moreover, the form which they used could not possibly have been intended by the Department as implementation of the regulation, since the regulation was not promulgated until 1974 and appellants undertook to record their interest with the Department in 1973. In these circumstances, the responsibility lay with Reiss and Bookbinder to provide their address to the Department and therefore there was no error by the Department's failure to send them notice of the Show Cause hearing.

■ The appellants also assert that the Superior Court erred in failing to afford the intervenors their requested oral argument. A.R.S. § 4–211 provides the authority for appeals from decisions of the Department of Liquor Licenses and Control and provides, in part:

"§ 4–211. Appeals

A. Any decision of the board in any matter shall be final, unless any person aggrieved or a city, town or county, within thirty days after receiving notice of the decision of the board, appeals to the superior court of the county in which the premises licensed or sought to be licensed are located, on one or more of the following grounds that the order was:

1. Founded on or contained error of law which shall specifically include error of construction or application of any pertinent rules;

2. Unsupported by any competent evidence as disclosed by the entire record;

3. Materially affected by unlawful procedure;

4. Based on violation of any constitutional provision; or

5. Arbitrary or capricious.

\* \* \* \* \* \*

C. The court shall review the hearing without a jury on the basis of the transcript and exhibits, except that in case of any alleged irregularity in procedure by the board not shown by the tran-

script, the court may order testimony to be given thereon. The court *shall upon request by either party hear oral arguments* and receive written briefs. The court may affirm the decision of the board, remand the matter for further proceedings before the board, or reverse or modify the decision if it finds that the objection of the person aggrieved is well taken on any of the grounds stated. The cost of preparing the transcript shall be paid by the appellant, except that if the court reverses or modifies the decision of the board, the court may order the board to refund such sum to the appellant. Appeal shall be available to the court of appeals from the order of the superior court as in other civil cases. As amended Laws 1976, Ch. 81, § 7, eff. June 1, 1976.[1] (Emphasis added.)

The Attorney General had filed a request for oral argument which argument was set for January 27, 1975. On January 10, 1975, Mondhink filed her Motion to Intervene, a Complaint in Intervention, a Motion to Set Aside Hearing and Ruling of State Department of Liquor Licenses, and supporting memoranda of points and authorities. Mondhink also on that same date filed a Notice of Hearing which recited that her arguments for intervention and for setting aside the Department's decision would be presented at the January 27 hearing. Minute entry orders reflect that permission to intervene was granted on January 17 and that Mondhink's attorney was present at the January 27 oral argument. These arguments were not reported but we must assume that Mondhink's attorney was permitted to present argument. Thereafter on February 3, Mondhink requested oral argument with a court reporter present to present issues regarding the Complaint in Intervention.

No oral arguments were heard pursuant to the February 3 request and appellants claim this violated the mandatory language of A.R.S. § 4–211C. Reiss and Bookbinder filed their Motion to Intervene on February 3 and on March 4 said motion was granted after oral argument. No request for oral argument on the merits of their complaint was ever filed by Reiss and Bookbinder.

From this record, we cannot say that appellants were denied their statutory right to orally argue their case. Mondhink's attorney was present to argue her position at the January 27 hearing and therefore the trial judge was not obligated to honor Mondhink's February 3 Request for Oral Argument. Reiss and Bookbinder failed to request oral argument.

██ Finally, appellants assert that the trial court erred by failing to make findings of fact and conclusions of law after appellant had requested them pursuant to Rule 52, Arizona Rules of Civil Procedure, 16 A.R.S. We do not believe that Rule 52 is applicable to an appeal to Superior Court from a decision of the Department of Liquor Licenses and Control. Such an appeal is not a trial de novo but merely a review on the grounds specified in A.R.S. § 4–211A, supra. That statute sets forth the procedure on appeal and subsection C provides that the trial court "may affirm . . . ., remand . . . ., reverse or modify . . . ." Findings of fact and conclusions of law pursuant to Rule 52 cannot now be required.

Judgment affirmed.

SCHROEDER, P. J., and EUBANK, J., concurring.

---

1. The amended statute, quoted herein, is in all aspects, material to this appeal, identical to the former statute.