685 P.2d 142

**In re the Marriage of Marilyn Spencer ENDISCHEE, Petitioner-Appellee,**

**v.**

**Andrew ENDISCHEE, Respondent-Appellant.**

**No. 1 CA–CIV 7428.**

Court of Appeals of Arizona,
Division 1, Department D.

May 24, 1984.

Community Legal Services by Mary Jo O'Neill, Phoenix, for petitioner-appellee.

Gary L. Thomas, Phoenix, for respondent-appellant.

## OPINION

BROOKS, Presiding Judge.

The sole issue presented in this appeal is whether the trial court erred in denying appellant's motion to set aside a default judgment for lack of personal jurisdiction.

On April 27, 1983, appellee filed a petition for Dissolution of Marriage in Maricopa County Superior Court. As a result, the court issued a summons and a preliminary injunction which, together with the petition, were forwarded to the Sheriff of Coconino County for service.

On May 12, 1983, a Coconino County deputy sheriff delivered a copy of the summons, petition for dissolution and injunction to appellant, a Navajo Indian, at his place of employment on the Navajo reservation. The "return of service" filed by the deputy sheriff on May 23, 1983, notes that the delivery was made "on reservation".

Appellant consulted a "lay advocate" [1] who wrote a letter to the Maricopa County Superior Court setting forth appellant's objections to the proceedings and the court's personal jurisdiction. Appellant did not, however, enter a formal appearance by filing a motion or responsive pleading in the action. The letter from the lay advocate was not treated as an appearance by the court. Further, appellee does not argue that this correspondence constituted an appearance.

On June 17, 1983, the court entered appellant's default for his failure to appear and a decree of dissolution was subsequently entered on July 28, 1983. Appellant responded by filing a timely motion to set aside the default judgment for lack of personal jurisdiction pursuant to Rule 60(c), Arizona Rules of Civil Procedure. In denying the motion, the court found that the "defense of lack of personal jurisdiction

---

1. A lay advocate is a person who is licensed to practice before the Navajo Tribal Courts.

over the person is one that must be raised in accordance with Rule 12(i), Arizona Rules of Civil Procedure."

■ On appeal, appellant first argues that the service of the summons was void because the deputy sheriff lacked the necessary authority to serve process on the Indian reservation. In *Francisco v. State,* 113 Ariz. 427, 556 P.2d 1 (1976), our Supreme Court held that a deputy sheriff is without authorization to serve process within the boundaries of an Indian reservation. Appellee apparently concedes this issue but argues that service was nevertheless effective since appellant had actual notice of the pending action. In support of this argument, appellee relies on *Cockerham v. Zikratch,* 127 Ariz. 230, 619 P.2d 739 (1980), and Rule 12(i). We find *Cockerham* to be readily distinguishable.

*Cockerham* involved the personal service of process on out-of-state defendants. When the defendants failed to file an answer plaintiff obtained a default judgment. The trial court vacated the default judgment presumably for lack of personal jurisdiction over the defendants because, while plaintiff had filed affidavits of the process server showing the *fact* of service, she failed to include an affidavit showing the circumstances warranting the use of out-of-state service as required by Rule 4(e)(2)(b). In reversing the trial court, the Supreme Court held:

> Defendants had notice of plaintiff's complaint and an opportunity to defend. They do not claim that the trial court could not have obtained jurisdiction over them had an affidavit been filed. They claim only that failure to comply with a technicality prevented establishment of personal jurisdiction over them in the trial court. *We hold that the failure to file the affidavit of service required by Rule 4(e)(2)(b), although reversible error, did not render the default judgment void for lack of personal jurisdiction where the facts to be contained in that affidavit appear in the verified complaint and affidavits of the process server.*

619 P.2d at 743 (emphasis added).

The court went on to point out the well known distinction between a voidable judgment and one which is void for lack of jurisdiction:

> It is important to remember that, at least with respect to jurisdiction, "void" is not synonymous with "wrong" or "erroneous." While the defects to which defendants here refer may well make the default judgment erroneous, they fall short of undermining jurisdiction so as to render that judgment void and subject to vacation under 60(c)(4).

619 P.2d at 744.

■ *Cockerham* does not support appellee's basic premise that *any* manner of purported service will suffice so long as it gives the party actual knowledge of the pendency of the action. In that case there was a technical violation of Rule 4 which the court found did not deprive the trial court of personal jurisdiction over the defendants. The facts set forth in the case at bench differ in that the defect in service *does* deprive the court of jurisdiction.

As our Supreme Court stated in *Francisco v. State:*

> ... [t]he deputy sheriff being without the proper authority, ... [t]he service of process was invalid and ineffectual *and thus the trial court was without personal jurisdiction over the petitioner.*

556 P.2d at 2 (emphasis added).

■ Proper service of process is essential for the court to obtain jurisdiction over a party; consequently, a judgment is void and subject to direct and collateral attack if the court rendered it without jurisdiction due to the lack of proper service. *Koven v. Saberdyne Systems, Inc.,* 128 Ariz. 318, 625 P.2d 907 (App.1980).

Appellee's reliance on Rule 12(i) is also misplaced. Before analyzing that subsection, however, it is necessary to first set forth the pertinent portion of Rule 12(h) which provides as follows:

12(h) **Consolidation of defenses in motion.** A party who makes a motion under this rule may join with it any other motions herein provided for and then available to him. If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted....

Rule 12(i) then provides in pertinent part:

A party waives all defenses and objections which he does not present either by motion as hereinbefore provided, or, if he has made no motion, in his answer or reply, except

(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (h), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment permitted by Rule 15(a) to be made as a matter of course.

 The policy underlying this Rule is that of avoiding "piecemeal decisions"[2] and it applies only when a party has entered a formal appearance in an action by the filing of an answer or motion. In other words, *if* a party appears and participates in the action, the waiver provisions of Rule 12(i) become operative. In the instant case, the trial court never acquired personal jurisdiction over the person of the appellant and there was thus no requirement that appellant enter a Rule 12 appearance either by motion or responsive pleading. Further, no such appearance was made.

For the foregoing reasons, we conclude that the trial court erred in denying appellant's motion to set aside the default judgment. Accordingly, the entry of default against appellant is vacated, the default judgment is set aside and this matter is remanded to the trial court for proceedings consistent with this opinion.

EUBANK and KLEINSCHMIDT, JJ., concur.

---

2. *See* State Bar Committee Note to Rule 12(i).