831 P.2d 448

**Jeffrey J. TONNER, Plaintiff–Appellee,**

v.

**PARADISE VALLEY MAGISTRATE'S COURT and Hon. Lester Penterman, a magistrate thereof, Town of Paradise Valley, a municipal corporation, and the State of Arizona, Defendants–Appellants.**

**No. 1 CA–CV 90–429.**

Court of Appeals of Arizona, Division 1, Department C.

May 12, 1992.

Brown & Bain, P.A. by Joseph W. Mott and Bennett Evan Cooper and Horne, Kaplan & Bistrow by Fredric D. Bellamy, Phoenix, for plaintiff-appellee.

Charles G. Ollinger, Paradise Valley, for defendant-appellant Town of Paradise Valley.

Peter C. Gulatto, Asst. Atty. Gen., Phoenix, for defendant-appellant State of Ariz.

## OPINION

BOLTON, Judge.[1]

Defendants-appellants appeal from a superior court judgment vacating an order of civil sanction entered by the Paradise Valley Magistrate's Court on a civil traffic complaint issued to plaintiff-appellee Jeffrey Tonner. Appellee filed a special action in superior court to vacate the order of civil sanction, arguing that the Paradise Valley Magistrate's Court lacked personal jurisdiction when it entered a default judgment against him. The superior court judge found that service by mail under Rule 4.1(c) of the Arizona Rules of Civil Procedure (formerly Rule 4(e)(7)) was not completed prior to entry of judgment and that the judgment entered was void.

On February 11, 1990, the photo radar device operated by the Town of Paradise Valley detected a vehicle registered to General Motors Acceptance Corporation ("GMAC") traveling at an alleged speed of fifty-six miles per hour in a forty mile per hour zone. A summons and Arizona traffic ticket and complaint were mailed to GMAC alleging a violation of Ariz.Rev.Stat.Ann. ("A.R.S.") § 28–701 (1989), driving at a speed greater than is reasonable and prudent. GMAC forwarded the summons and complaint to appellee and his wife, the lessees of the vehicle. GMAC also sent the Paradise Valley Magistrate's Court a copy of its transmittal letter to appellee. The summons and Arizona traffic ticket and complaint were reissued, naming Tonner as defendant and the vehicle's driver at the time of the alleged violation of section 28–701.

On March 7, 1990, a copy of the summons and Arizona traffic ticket and complaint and two copies of the notice and acknowledgment of receipt of summons and complaint were sent by first-class mail to appellee with a return, postage-paid envelope. The summons directed appellee to appear on March 22, 1990, in the Paradise Valley Magistrate's Court. Appellee never signed and returned the notice and acknowledgment of receipt of summons and complaint nor did he appear on March 22, 1990. On that date, based on appellee's failure to appear, the allegations of the complaint were deemed admitted, and an order of civil sanction was entered against him. The Town of Paradise Valley argues on appeal that use of first-class mail for delivery of a summons and complaint is sufficient for service and to obtain personal jurisdiction over defendants in civil traffic matters. We disagree.

 The requirements for service under Rule 4.1(c) are clear. A summons and complaint may be served by first-class mail along with two copies of a notice and acknowledgment of receipt of summons and complaint and a postage-paid return en-

---

1. Note: The Honorable *Susan R. Bolton,* Maricopa County Superior Court Judge, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to article 6, section 3 of the Arizona Constitution.

velope, but service is not *complete* until the acknowledgment of receipt is executed. Ariz.R.Civ.P. 4.1(c)(1), (2). If the acknowledgment of receipt is not executed, service is not complete under this method even if there is evidence that the summons and complaint were received. *See Worrell v. B.F. Goodrich Co.*, 845 F.2d 840, 841–42 (9th Cir.1988), *cert. denied*, 491 U.S. 907, 109 S.Ct. 3191, 105 L.Ed.2d 699 (1989). Until service is complete, no personal jurisdiction is obtained, and any judgment entered is void. *Endischee v. Endischee*, 141 Ariz. 77, 79, 685 P.2d 142, 144 (App.1984); *Kadota v. Hosogai*, 125 Ariz. 131, 134, 608 P.2d 68, 71 (App.1980).

■ Appellant argues that requiring execution of the acknowledgment of receipt creates a conflict with A.R.S. § 28–1076 (1989) because that statute requires the civil traffic complaint to state a time and place for appearance before the magistrate, and if the person summoned fails to appear, the allegations of the complaint will be deemed admitted, a judgment in favor of the State will be entered, and a civil sanction will be imposed. We find no conflict between Rule 4.1(c)(2) and A.R.S. § 28–1076. Section 28–1076(D) provides that a "person *served* with a civil traffic complaint" must appear at the time directed or "the allegations in the complaint shall be deemed admitted and the court shall enter judgment for this state." (Emphasis added.) To serve a civil traffic complaint, the State must comply with A.R.S. § 28–1073 (1989), which requires service "by delivering a copy of the uniform traffic complaint citation to the person charged with the violation or by any means authorized by the rules of civil procedure." A.R.S. § 28–1073(A).

Appellant attempted service by mail under Rule 4.1(c) by complying with the requirements of Rule 4.1(c)(1). Without a defendant's voluntary compliance with the requirements of Rule 4.1(c)(2), service is not complete, and no personal jurisdiction over a defendant is achieved. In that event, a plaintiff may attempt service by any other method authorized by Rule 4.1 with the costs of service shifted to the defendant who failed to execute and return the acknowledgment of receipt. Ariz. R.Civ.P. 4.1(c)(3). Nothing in section 28–1073(A) eliminates or modifies any steps required to complete service. Section 28–1076(A)'s requirement that the summons state a time and place for appearance and section 1076(D)'s provision that failure to appear shall be deemed an admission of the allegations in the complaint, requiring the court to enter judgment for the State and impose a civil sanction are not inconsistent with the rules for service by mail or the rules for service by any other means authorized by the Rules of Civil Procedure.

The appellant's recourse when a defendant fails to execute the acknowledgement of receipt is to continue the hearing and serve the complaint by some other authorized method. *See* Ariz.R.Civ.P. 4.1(c)(3). Until the magistrate's court obtains personal jurisdiction, it has no power to enter an order of civil sanction against a defendant. *See Endischee*, 141 Ariz. at 79, 685 P.2d at 144; *Kadota*, 125 Ariz. at 134, 608 P.2d at 71.

■ We agree with the superior court judge that the order of civil sanction entered against appellee by the Paradise Valley Magistrate's Court is void for lack of personal jurisdiction. We affirm the judgment of the superior court.

CONTRERAS, P.J., and McGREGOR, J., concur.