925 P.2d 260

**POSTAL INSTANT PRESS, INC., a Delaware Corporation, Plaintiff/Judgment Creditor–Appellee,**

v.

**CORRAL RESTAURANTS, INC., Garnishee/Appellant.**

No. CV–96–0250–PR.

Supreme Court of Arizona, En Banc.

Oct. 24, 1996.

Ayers & Brown, P.C. by Thomas G. Luikens, Phoenix, for Garnishee/Appellant.

Gallagher & Kennedy, P.A. by Joseph E. Cotterman, Phoenix, for Plaintiff/Judgment Creditor-Appellee.

## OPINION

JONES, Justice.

Postal Instant Press (Postal) obtained a California judgment against Claudio and Dorothy Corral in the amount of $86,091.27 plus attorneys' fees of $1,498.50. The judgment was domesticated in Arizona pursuant to the applicable statutes. In its effort to enforce the judgment, Postal obtained a writ of garnishment in superior court against Corral Restaurants, Inc. (CRI). Postal served the writ on Isabel Corral, the sole owner and statutory agent of CRI, at her residence.

Following the advice of counsel, CRI did not answer the writ. As a consequence, Postal petitioned the court and obtained an Order to Show Cause requiring CRI to appear or otherwise respond. The court directed that a copy of the Order be served immediately on CRI as the garnishee.

In its attempt to effect service, Postal sent the Order by certified mail within Arizona to the attention of Isabel Corral as statutory agent of CRI. Dorothy Corral, Isabel's daughter-in-law, not an agent of CRI, received the certified envelope, signed the return postal receipt, and apparently delivered the envelope and contents to the CRI attorney. Isabel acknowledged that had she been served personally, she would have taken the Order to her attorney, exactly as Dorothy had done. Again, CRI did not appear or file an answer to the writ or otherwise acknowledge the Order to Show Cause. As a result, the superior court entered judgment in favor of Postal and against CRI for the full amount of Postal's judgment against Claudio and Dorothy Corral.

On accelerated appeal pursuant to Rule 29, Arizona Rules of Civil Appellate Procedure, the court of appeals affirmed the judgment, reasoning, in effect, that no harm occurred because Isabel had acknowledged she would have taken the Order to the attorney just as Dorothy had done, and that to require strict compliance with the requirements prescribed for service by mail was unduly technical.

■ While we understand the court of appeals' reasoning, our review of the issue leads to the opposite conclusion. Service by mail is an alternative form of service, available in lieu of personal service. Completion of service of process is the event which brings the party served within the jurisdiction of the court. Conversely, as long as service remains incomplete, or is defective, the court never acquires jurisdiction. When a serving party elects to serve process by mail, we believe the rule which regulates the method of sending and receiving service, and the return and filing thereof, must be followed. Accordingly, and for the reasons explained hereafter, we vacate the decision of the court of appeals and set aside the judgment against CRI.

When a garnishee fails to answer a writ of garnishment, the claimant may petition the court pursuant to A.R.S. § 12–1598.13(H) for an "order" requiring the garnishee to appear or otherwise answer. If, after proper service of the order, the garnishee fails to file and serve an answer to the writ or otherwise appear, the court may enter judgment against the garnishee for the full amount of the underlying judgment against the debtor, regardless of the amount for which the garnishee would have been liable had the writ been answered. A.R.S. § 12–1598.13(H).

■ In this case, the Order to Show Cause obtained by Postal satisfied the "order" requirement of Section 12–1598.13(H). The court of appeals correctly points out that because the party to whom the Order to Show Cause was directed had not appeared in the action, the Order became subject to the service requirements set forth in Rule 6(d), Arizona Rules of Civil Procedure, including the requirement that the Order be served in accordance with Rules 4, 4.1, or 4.2. Postal chose alternative service by mail within Arizona under Rule 4.1(c). Rule 4.1(c)(1) provides that such service must be effected by sending the Order "first-class mail,[1] postage prepaid, to the person to be served, **together with two copies of a notice and acknowledgment of receipt of [the order] ..., and a return envelope, postage prepaid, addressed to the sender.**" (Emphasis added.) Further, Rule 4.1(c)(2) requires that the notice and acknowledgment of receipt **"be executed under oath or affirmation, and returned to the sender."** [2]

---

1. Postal sent the Order by certified mail, even though Rule 4.1(c)(1) allows service by first-class mail. First-class mail would have sufficed, but, for purposes of the Rule, certified mail was equally effective.

2. Though not applicable here, service by mail on a person outside Arizona is governed by Rule 4.2(c). That rule expressly permits such service to be completed by the use of "... any form of mail requiring a signed and returned receipt." Certified mail with a return postal receipt falls within this definition. Therefore, to effect service outside the state, the serving party must first obtain the signed postal receipt and then must prepare and file an affidavit, as described in Rule 4.2(c), to which the receipt must be attached.

■ Clearly, the return postal receipt that accompanies certified mail does not satisfy the more formal "acknowledgment under oath" requirement of Rule 4.1(c). *See Tonner v. Paradise Valley Magistrate's Court,* 171 Ariz. 449, 451, 831 P.2d 448, 450 (App. 1992) ("[S]ervice [within the state by first-class mail] is not *complete* until the acknowledgment of receipt is executed. Ariz. R.Civ.P. 4.1(c)(1), (2).").

■ The defect in service in the case at bar was manifested not in the use of certified mail, but in the failure to obtain and file the acknowledgment executed under oath. We therefore conclude that actual service is not complete under Rule 4.1(c) when the party to whom service is directed either fails, refuses, or is never given the requisite opportunity, to execute a formal "notice and acknowledgment of receipt ... under oath or affirmation." The fact that Isabel Corral's attorney may have advised her not to respond does not cure the defect. For these reasons, the superior court lacked jurisdiction under A.R.S. § 12–1598.13(H) to enter the judgment against CRI.

Because service of the Order to Show Cause was defective, we are left with no choice. We vacate the court of appeals' decision and set aside the judgment of the superior court. The matter is remanded to the superior court for further proceedings consistent with this opinion.

FELDMAN, C.J., and ZLAKET, V.C.J., and MOELLER and MARTONE, JJ., concur.

---

By contrast, service by mail within the state, under Rule 4.1(c), may be accomplished simply by using first-class mail, without a return postal receipt, but with the added requirement that a formal acknowledgment be executed under oath or affirmation by the person served, and be returned in the return envelope provided by the sending party. The sending party must file the executed acknowledgment with the court.