NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CAMELIA SCOTT, *Petitioner/Appellee*,

*v.*

ERIC R. NEAL, *Respondent/Appellant*,

STATE OF ARIZONA, ex rel. THE ARIZONA DEPARTMENT OF
ECONOMIC SECURITY, *Intervenor/Appellee.*

No. 1 CA-CV 14-0636 FC
FILED 5-14-2015

Appeal from the Superior Court in Maricopa County
No.  DR1997-004421
The Honorable Veronica W. Brame, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Eric R. Neal, Indianapolis, IN
*Respondent/Appellant*

Arizona Attorney General's Office, Phoenix
By Carol A. Salvati
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Jon W. Thompson joined.

---

**J O N E S**, Judge:

¶1          Eric Neal (Father) appeals from the trial court's denial of his motion to vacate a child support order entered in September 1997. For the following reasons, we affirm.

## FACTS[1] AND PROCEDURAL HISTORY

¶2          In May 1997, following genetic testing, the trial court entered a paternity order establishing Father as Child's natural father. Thereafter, Camelia Scott (Mother) immediately filed a petition to establish custody and child support. Mother purportedly served Father with the petition and related documents by leaving them with a person of suitable age and discretion at 4610 South 16th Street in Phoenix. Although Father did not appear at any proceedings related to that petition, the trial court found he had received "adequate notice," and entered a final order in September 1997 that required Father to pay $532 per month in child support.

¶3          In June 1999, the State brought an enforcement action on Mother's behalf to collect unpaid child support arrearages. Father was personally served with the petition and related documents, and appeared, with counsel, at the proceedings, where he denied having any knowledge of the underlying child support order "until [the] order of assignment was received by his employer." Father did not argue the support order was void for lack of personal jurisdiction or improper service, but instead requested the court modify the support order. Following a hearing, the trial court determined Father had known about the child support order and willfully failed to comply. The court entered judgment against Father

---

[1]     We view the facts in the light most favorable to upholding the trial court's ruling on a motion to set aside a judgment. *Goglia v. Bodnar*, 156 Ariz. 12, 20 (App. 1987) (citing *Camacho v. Gardner*, 104 Ariz. 555, 559 (1969)).

in the amount of $12,637.53, held him in contempt, and ordered his incarceration until he paid a purge amount of $1,000. Father personally appeared for several subsequent review hearings, and continuing orders of contempt were entered.

¶4 In late 1999, Father filed a petition for modification of the child support order, and the trial court scheduled a hearing in January 2000. However, the court was unable to address the merits of Father's petition at the hearing because he had not served Mother, who had a protected address, with the necessary documents. Father did not further pursue the 1999 modification request, despite being specifically advised he could serve Mother through the court clerk. He filed a second petition for modification in October 2004, which was also dismissed for a lack of service upon Mother.

¶5 Nearly ten years later, in April 2014, Father filed a motion to set aside the 1997 child support order, alleging (1) the order was obtained fraudulently because Mother purposely provided an incorrect address for service, and (2) the order was void for lack of personal jurisdiction because he was never served with the 1997 petition to establish child support.[2] The trial court denied the motion as untimely. Father filed a timely notice of appeal. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1)[3] and -2101(A)(2).

**DISCUSSION**

¶6 We review the trial court's ruling on a motion to set aside a judgment for an abuse of discretion. *Goglia*, 156 Ariz. at 16. We will affirm the trial court's ruling on a motion to set aside if it is correct for any

---

[2] At the court's direction the State filed a response. Although the State conceded it was not involved with the service of Mother's 1997 petition, it argued Father submitted to the court's jurisdiction, through his participation in the 1999 enforcement action, and thereby waived any purported defect in service. The State has an interest in an action that may affect the payment of child support, and remains a party to this appeal. *See State ex rel. Dep't of Econ. Sec. v. Dodd*, 181 Ariz. 183, 185 (App. 1994) (finding State had right to maintain appeal challenging revocation of order of assignment for payment of child support).

[3] Absent material revisions from the relevant date, we cite a statute's current version.

reason. *See Delbridge v. Salt River Agric. Improvement & Power Dist.*, 182 Ariz. 46, 54 (App. 1994) (citing *Rancho Pescado v. Nw. Mut. Life Ins.*, 140 Ariz. 174, 178 (App. 1984)). Unless it is evident that the trial court acted arbitrarily, unreasonably, or clearly abused its discretion, "the trial court's refusal to vacate a judgment must stand." *Goglia*, 156 Ariz. at 16 (citing *Indus. Park Corp. v. U.S.I.F. Palo Verde Corp.*, 19 Ariz. App. 342, 346 (1973)).

## I.      The 1997 Child Support Order Was Not Void.

¶7        Father argues the 1997 child support order is void for three reasons. First, he argues the child support order was obtained by reason of fraud, misrepresentation, or misconduct by Mother. Ariz. R. Fam. L.P. 85(C)(1)(c). A motion on this basis, however, is required to be brought "within a reasonable time," and within six months from entry of the order. Ariz. R. Fam. L.P. 85(C)(2). It is undisputed that Father's motion was filed well outside of this time limit, and the trial court did not abuse its discretion in denying relief on this ground.

¶8        Second, Father alleges the judgment is void under Arizona Rule of Family Law Procedure 85(C)(1)(d) because the trial court lacked personal jurisdiction over him. Father is correct that, unlike Rule 85(C)(1)(c), timeliness is not a factor when Rule 85(C)(1)(d) is invoked; on this ground, the court must vacate a judgment or order it determines to be void, even if the party unreasonably delayed in seeking relief. *See Duckstein v. Wolf,* 230 Ariz. 227, 233, ¶ 18 (App. 2012) (citing *Martin v. Martin*, 182 Ariz. 11, 14 (App. 1994)). And, the trial court must obtain personal jurisdiction over each party before it can enter enforceable orders regarding child support. *Taylor v. Jarrett*, 191 Ariz. 550, 552, ¶ 9 (App. 1998) (citing *Kulko v. Superior Court*, 436 U.S. 84, 91-101 (1978)); *see also Endischee v. Endischee*, 141 Ariz. 77, 79 (App. 1984) ("A judgment is void and subject to direct and collateral attack if the court rendered it without jurisdiction due to lack of proper service.") (citing *Koven v. Saberdyne Sys., Inc.*, 128 Ariz. 318, 321 (App. 1980)). We review the trial court's jurisdiction over the person *de novo. Davis v. Davis*, 230 Ariz. 333, 335, ¶ 13 (App. 2012) (citing *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 29, ¶ 8 (App. 2003)).

¶9        Father alleges the address reported by the process server in 1997 — 4610 South 16th Street — did not and does not exist, with the nearest permitted structure being a billboard located on the adjacent

property.[4]   Even assuming Father's allegation to be true, it does not change our ultimate conclusion that the trial court properly exercised personal jurisdiction over Father.

**¶10**      In the absence of formal service of process, personal jurisdiction may be exercised over a party who consents to jurisdiction, "enters a general appearance, or files a responsive document having the effect of waiving a contest to personal jurisdiction."  *Burton*, 205 Ariz. at 29, ¶ 8 (citation omitted); *Austin v. State ex rel. Herman*, 10 Ariz. App. 474, 476 (1969) ("For a judgment to be valid and binding the party affected must have been legally serve[d] with process *or must have voluntarily appeared*.") (emphasis added); *see also* A.R.S. § 25-1221(A)(2) (addressing bases for jurisdiction over non-resident in proceeding to establish or enforce support order).  Generally, "any action on the part of a party except to object to personal jurisdiction that recognizes the case [i]s in court will constitute a general appearance," *Burton*, 205 Ariz. at 29, ¶ 8 (citing *Tarr v. Superior Court*, 142 Ariz. 349, 351 (1984), and *Austin*, 10 Ariz. App. at 477), and "it is a rule of ancient and universal application that a general appearance by a party who has not been properly served has exactly the same effect as a proper, timely and valid service of process." *Montano v. Scottsdale Baptist Hosp., Inc.*, 119 Ariz. 448, 452 (1978) (citations omitted).

**¶11**      Here, Father appeared in the 1999 matter, without raising the issue of jurisdiction, and thereby waived any objection to the authority of the trial court to enter valid orders.  He was personally notified of the enforcement proceedings in 1999, appeared for multiple hearings without objecting to personal jurisdiction, and did not raise the personal jurisdiction issue at any other time in the next fifteen years.  Additionally, Father filed his own petitions seeking modification of the existing child support order in both 1999 and 2004.  Although he did not follow through with service of those requests, Father appeared for at least one modification hearing, and both recognized and submitted himself to the court's jurisdiction by affirmatively placing the issue of support before the court. *Burton*, 205 Ariz. at 29, ¶ 12 (holding party "consented to personal jurisdiction by purposely availing himself of the Arizona courts to seek a downward adjustment in child support and participating in a hearing on the issue").

---

[4]      Father admits that his mother lived at 4610 South 16th *Place* in 1997.

¶12      Father's participation in the proceedings, purposeful availment of the court, and failure to limit his appearance were sufficient to confer jurisdiction as to all issues encompassed within the support action, including later enforcement. *Id.* at ¶¶ 9, 12; A.R.S. § 25-1222 (noting "personal jurisdiction acquired by a tribunal of this state" in a child support proceeding "continues as long as the tribunal of this state has continuing, exclusive jurisdiction to modify its order or continuing jurisdiction to enforce its order"). Therefore, the order establishing child support is not void by virtue of Father's submission to personal jurisdiction, and the trial court did not abuse its discretion in denying Father's motion to set it aside.

¶13      Finally, Father argues, for the first time in his reply brief, the order is void because the trial court judge was not fair and impartial. This allegation is based upon a comment Father purportedly overheard, while the judge was addressing another litigant in a separate action, "that child support comes before eating or hav[ing] a roof o[ve]r your head." Although issues raised for the first time in a reply brief are generally deemed waived, in our discretion, we address it. *State v. Lopez*, 217 Ariz. 433, 438 n.4, ¶ 17 (App. 2008) (citing *State v. Ruggiero*, 211 Ariz. 262, 267 n.2, ¶ 22 (App. 2005), and *Muchesko v. Muchesko*, 191 Ariz. 265, 268 (App. 1997)).

¶14      In Arizona, "every person has the duty to provide all reasonable support for that person's natural and adopted minor, unemancipated children." A.R.S. § 25-501(A). "The obligation to pay child support is primary and other financial obligations are secondary." A.R.S. § 25-501(C); *Beck v. Jaeger*, 124 Ariz. 316, 317 (App. 1979). Accepting as true that Father properly attributes the statement to the trial court judge, it is not an inaccurate statement of law, and not indicative of any "hostile feeling or spirit of ill-will" sufficient to establish bias or partiality. *In re Guardianship of Styer*, 24 Ariz. App. 148, 151 (1975).

## II.    Father Received Adequate Due Process.

¶15      Father also argues he was not given an opportunity to present argument on the motion to set aside prior to the court's ruling, in violation of his right to due process. But oral argument is not mandatory, even when requested. Ariz. R. Fam. L.P. 35(C)(1) (affording court discretion to order, allow or deny oral argument). And where a litigant does not make a request for oral argument, as was the case here, he cannot complain he is denied the opportunity to speak. *See Nunnally v. Moore*, 116 Ariz. 508, 511 (App. 1977).

**CONCLUSION**

**¶16**          We affirm the trial court's denial of Father's motion to vacate the 1997 child support order.

**¶17**          Father requests his costs on appeal, but he is not the prevailing party, and his request is denied.  As the prevailing party, the State may recover its costs upon compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court
FILED: ama

7