NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

BLUE PALO SERVICING COMPANY, *Plaintiff/Appellee,*

*v.*

ELEANOR KIMBROUGH, *Defendant/Appellant.*

No. 1 CA-CV 21-0089
FILED 1-25-2022

Appeal from the Superior Court in Mohave County
No. S8015CV202001201
The Honorable Lee Frank Jantzen, Judge

**AFFIRMED**

APPEARANCES

Kessler Law Group, Scottsdale
By Eric W. Kessler, Eric Bryce Kessler
*Counsel for Plaintiff/Appellee*

Eleanor Kimbrough, Yucca
*Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Peter B. Swann joined.

---

**W I L L I A M S**, Judge:

**¶1**       Eleanor Kimbrough appeals from the superior court's eviction order. For reasons that follow, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**       In September 2020, Blue Palo Servicing Company, LLC ("Blue Palo") acquired title to a property in Yucca through a tax lien foreclosure process after the previous owners did not contest the foreclosure action.[1] Kimbrough, an elderly woman, had lived at the property with permission from the previous owners for several years. Once Blue Palo was awarded title to the property, it delivered to Kimbrough a notice to vacate the property within five days. Kimbrough did not leave.

**¶3**       Three months later, Blue Palo filed a forcible detainer action asking the superior court to evict Kimbrough from the property. The superior court held a telephonic hearing in January 2021. At the hearing, Kimbrough stated she still occupied the property and acknowledged receiving the five-day notice to vacate in September. Though she made no claim of ownership, she stated she had an arrangement with the previous owner of the property to be its caretaker and wished to rent it from Blue Palo. The superior court ordered Kimbrough evicted from the property but informed it would delay issuing a writ of restitution, which would force Kimbrough's removal by law enforcement, for an additional forty-five days to allow Kimbrough to discuss with Blue Palo the possibility of reaching a rental agreement. The parties did not reach an agreement.

**¶4**       Kimbrough timely appealed the eviction order. This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-2101(A)(1).

---

[1]      Mohave County Superior Court Cause No. S8015CV202000413.

**DISCUSSION**

**¶5**        Kimbrough's opening brief did not comply with Rule 13(a)(7)(A) of the Arizona Rules of Civil Appellate Procedure ("ARCAP") which requires an appellant to provide "citations of legal authorities and appropriate references to portions of the record on which the appellant relies." In the exercise of our discretion, we address Kimbrough's appeal to the extent she developed her arguments. *See MacMillan v. Schwartz*, 226 Ariz. 584, 591, ¶ 33 (App. 2011) ("Merely mentioning an argument in an appellate opening brief is insufficient.").

**¶6**        Kimbrough's primary contention is that her procedural due process rights were violated. More specifically, Kimbrough contends (1) the certified trial transcripts provided to her, and in turn this court, were not accurate; (2) she was not provided a court appointed attorney to aid her at the eviction hearing; and (3) service of the summons and forcible detainer complaint were insufficient because they did not list her name or mailing address.

**¶7**        Kimbrough raises each of these issues for the first time on appeal, and this court "generally do[es] not consider objections raised for the first time on appeal." *Christy C. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 445, 452, ¶ 21 (App. 2007). Kimbrough offers little to support her claim that the certified transcripts were not accurate and provides no legal authority to support the notion she had a right to court appointed counsel. As to the third issue, the record shows Kimbrough appeared at the eviction hearing. *See* Ariz. R.P. Evic. Act. 5(f) (providing a defendant in an eviction action waives objections to the form or manner of service if they appear at the initial hearing unless those objections were previously asserted).

**¶8**        "Due process requires notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Blair v. Burgener*, 226 Ariz. 213, 219, ¶ 19 (App. 2010) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). A superior court's jurisdiction over a person is established by "the fact of service and the resulting notice." *Hirsch v. Nat'l Van Lines, Inc.*, 136 Ariz. 304, 308 (1983). If "service remains incomplete, or is defective, the court never acquires jurisdiction." *Postal Instant Press, Inc. v. Corral Rests., Inc.*, 186 Ariz. 535, 537 (1996).

**¶9**        "We review questions concerning the superior court's jurisdiction *de novo*," *State v. Donahoe*, 220 Ariz. 126, 127, ¶ 1 n.1 (App. 2009),

but will not set aside the court's factual findings "unless they are clearly erroneous," *Ruffino v. Lokosky*, 245 Ariz. 165, 168, ¶ 9 (App. 2018).

¶10    In a forcible detainer action, an individual may be served in various ways including by "delivering a copy of the summons and the pleading being served to that individual personally" or "leaving a copy of each at that individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Ariz. R. Civ. P. 4.1(d); *see also* Ariz. R.P. Evic. Act. 5(e). "Return of service and proof thereof" must be made by affidavit. *Id.* "If the name of a defendant is unknown, the summons and complaint may name a fictitious defendant and any occupants of the property." Ariz. R.P. Evic. Act. 5(a).

¶11    The record before us shows a woman occupant was served a copy of the summons and forcible detainer complaint on January 5, 2021. On appeal, Kimbrough confirms she was the woman served. The record also shows Kimbrough acknowledged receiving a five-day notice to vacate in September 2020, but still occupied the property at the time of the eviction hearing in January 2021. Blue Palo complied with Rule 5(e) of the Arizona Rules of Procedure for Eviction Actions ("RPEA") and Rule 4.1 of the Arizona Rules of Civil Procedure, and the superior court had jurisdiction over both the subject matter and Kimbrough personally. Further, nothing in this record indicates Blue Palo knew of Kimbrough's name when it filed the complaint. Thus, Blue Palo's complaint listing defendants as "the occupants of [the property]; John Doe and Jane Doe" appropriately complied with RPEA 5(a). Kimbrough has shown no error, due process or otherwise.

## CONCLUSION[2]

¶12    For the foregoing reasons, we affirm the superior court's order.

AMY M. WOOD • Clerk of the Court
FILED:   AA

[2]    This court acknowledges receipt of Blue Palo's motion for procedural order filed on November 24, 2021, as well as Kimbrough's response. Because this decision resolves the appeal, we take no action on Blue Palo's motion.