[Civil No. 3023. Filed June 30, 1931.]

[300 Pac. 955.]

BARTHOLD L. WAHL and ANNA WAHL, Appellants, v. ROUND VALLEY BANK, a Corporation, JAMES P. REAGAN and MELVIN BROWN, Appellees.

Mr. Thorwald Larson, for Appellants.

Mr. Dodd L. Greer, for Appellees.

McALISTER, C. J.—It appears that the plaintiffs, Barthold L. Wahl and Anna Wahl, his wife, delivered to the Round Valley Bank on July 15, 1919, their promissory note for $1,760, payable six months thereafter, and to secure the payment thereof that they

executed and delivered the following day an instrument in form a warranty deed but which contains a defeasance clause stating that "it is further agreed that in case the note for $1,760 secured by this deed is paid on or before the date due (December 20th, 1919) the above attached deed is null and void."

The complaint alleges that at the time the deed was executed and delivered the plaintiffs turned over to the bank as additional security for the payment of their note the following described property: A chattel mortgage transferring to it a number of head of cattle owned by them and the promissory notes of John R. Coleman for $786, Emma J. Saffell for $514, and Tomas C. Baca for $450, all payable to plaintiffs.

The complaint avers further that before their note became due the plaintiffs paid the bank at various times, including the sums collected on these three promissory notes, an amount sufficient to satisfy it and to release the real estate described in the mortgage from the lien thereof but that the bank failed to give them credit therefor upon their indebtedness; that they were, therefore, indebted to the bank in no sum whatsoever when their note matured but, notwithstanding this, it "wrongfully, fraudulently and for the purpose of cheating and defrauding plaintiffs claimed and pretended that only a small portion of said indebtedness had been paid" and refused to render them any statement as to the payments made thereon and the sums collected on the three notes held as additional security; that by reason thereof the bank became and is a trustee *ex maleficio* of the amount thus collected but, instead of accounting to plaintiffs therefor, has appropriated it to its own use.

It is further alleged that on July 16, 1922, the defendant, James P. Reagan, began occupying the premises described in the deed to the bank as the tenant of plaintiffs and paid them a monthly rental therefor

until July 23, 1923; that some time prior to the latter date he and the bank entered into a conspiracy to defraud plaintiffs by agreeing that the bank would convey to him the premises held by him as tenant for the purpose of investing him with full title thereto, and that pursuant to this conspiracy the bank made, executed and delivered to him on July 23, 1923, its deed attempting to convey them, and he, in furtherance thereof, claimed and pretended thereafter that the premises were his in fee simple; that he used his tenancy as a means of gaining possession as owner without the payment of any consideration therefor and in violation of the trust imposed upon the bank as trustee for the equity of redemption owned by the plaintiffs from the date of the execution of the deed above referred to; that for the purpose of further carrying out their scheme to defraud, the bank and Reagan thereafter conspired with the defendant, Melvin Brown, to complicate further the status of said real estate by Reagan's conveying its title to Brown and that pursuant thereto Reagan and wife executed and delivered their deed to him and he took possession thereunder on May 29, 1924, has held it since and now claims to be the sole owner thereof, though neither the attempted conveyance from the bank to Reagan nor the one from Reagan to Brown had any effect whatever as a transfer of title.

It appears also from the complaint that the bank made no effort to foreclose the instrument set out and referred to as a mortgage notwithstanding it claimed that the promissory note of plaintiffs secured thereby was still unpaid to the amount of $782.36 when it executed and delivered the deed to Reagan on July 23, 1923.

After demurring specially and generally defendants interposed a plea in bar claiming that the alleged cause of action had been adjudicated. As a basis therefor they averred that in an action, No. 1292,

brought in the superior court of Apache county, Arizona, by Barthold L. Wahl and Anna Wahl, his wife, the plaintiffs here, against the Round Valley Bank, a corporation, James P. Reagan and Melvin Brown, the same defendants as in this case, in which the same cause of action alleged here, namely, an action to quiet the title to the identical real property involved herein and to recover rental therefor was pleaded, a final judgment was rendered on September 10, 1927, after trial on the merits, in favor of the defendants and against the plaintiffs, and no appeal therefrom was taken.

The plea of *res adjudicata,* following a hearing on that question alone, was sustained completely as to the defendants, Reagan and Brown, and also as to the defendant, Round Valley Bank, except in so far as the complaint sought an accounting by it of the moneys received from the collection of the three promissory notes alleged to have been assigned as security. Thereupon the bank answered admitting that the plaintiffs did on July 15, 1919, deliver to it two notes, one executed by John R. Coleman for $750 and one by Emma J. Saffell for $500, and on November 24, 1919, another executed by Tomas C. Baca for $350, but alleged that they were delivered for collection and not as security and that it did collect each of them with interest and paid the amounts received thereon either to the plaintiffs or others upon their order; that it rendered plaintiffs a full accounting of such receipts and the disbursements thereof; and that it was indebted to them in no sum whatsoever. These allegations were sustained by the evidence in behalf of the bank and following its introduction, the plaintiffs offering none, the court held that the bank had fully accounted and rendered judgment that plaintiffs take nothing by their action.

Within the proper time the plaintiffs perfected their appeal from this order but have made no assignments

based thereon. However, three months before this they had given notice of appeal from the order sustaining the plea in bar and their brief deals entirely with questions relating to this ruling. This plea was upheld wholly upon the ground that the matter involved had been adjudicated, there being no reference whatever in the court's decision to the other ground set up as supporting it, namely, that the five-year statute of limitations had run against it. In fact, no ruling was made regarding this statute because there was no occasion to do so after the court had concluded that *res adjudicata* applied, but notwithstanding this more than one-half of the twenty-one assignments relied on are based upon such an order. It is clear that a consideration of them is neither necessary nor proper.

Practically all the other assignments question in different ways the correctness of the ruling that the judgment in cause No. 1292 constitutes a bar to this action. Without considering these separately it is sufficient to say that in our judgment the court was clearly correct in sustaining the plea of *res adjudicata,* because a reading of the record in each of these two actions discloses that the parties in both, plaintiffs and defendants, the land involved and the issues, except the one relative to an accounting by the bank of the proceeds of the three promissory notes, are the same. The chief purpose of both actions, according to the pleadings, prayer and proof, was to have the title to the land in question quieted in plaintiffs, and, as a basis therefor, to have the deed from them to the bank declared and treated as a mortgage and in consequence of this the one from the bank to Reagan as well as the one from Reagan to Brown canceled. In both suits the recovery of rent for the premises from May 29, 1923, the day Reagan took title from the bank, is sought.

It is true the allegation of a conspiracy on the part of defendants to defraud plaintiffs of their land did not appear in the complaint in cause No. 1292 but the determination of the issues presented in that case that are raised again in this one necessarily decided that question as effectively as it did those issues. In answering the four interrogatories submitted to it in that cause the jury, after hearing the evidence, which undoubtedly was the same in effect as here, said that the plaintiff, B. L. Wahl, sold the premises in question to James P. Reagan for $1,000, that he received this consideration for them, and that he and his wife, Anna Wahl, authorized the bank through its officers to execute the deed to Reagan. Since, therefore, it was established in that action that the plaintiffs themselves, and not the bank, sold the property to Reagan, that they, and not the bank, received the consideration therefor, and that they authorized the bank in whose name the property then stood to execute the deed to Reagan, instead of requesting it to reconvey to them so they could deed direct, there could possibly arise no question as to an attempt by defendants to defraud plaintiffs of their property.

The contention of appellants that since their deed to the bank contained a defeasance clause it was in effect a mortgage and could transfer the title to the premises described therein to the bank only through a foreclosure of the mortgage lien, might have been raised in cause 1292 and error based thereon, provided plaintiffs had been dissatisfied with the judgment rendered therein and had appealed from it, but inasmuch as the question whether the parties to that instrument could by agreement treat it as a deed and avoid the necessity of a foreclosure arose out of the facts of that case as much so as it did out of those in this one, it was a decided matter and whether rightly or wrongly determined was foreclosed when that judgment became final and the time to take an appeal had

passed without its being done. And the same is true of the other questions urged by plaintiffs.

If plaintiffs felt that, due to the ruling on this or any other question properly before the court, the judgment in 1292 was wrong they should have sought a reversal of it by appealing and not have attempted to attack it collaterally in a subsequent action involving the same parties and issues. The court had jurisdiction of both the subject matter and the parties in that case and this being true its judgment, even though it had been based upon an erroneous ruling, was not void and, hence, could have been corrected only by appeal. *Tube City Mining & Milling Co.* v. *Otterson*, 16 Ariz. 305, L. R. A. 1916E 303, 146 Pac. 203.

There was no error in the ruling sustaining the plea in bar. The judgment is affirmed.

ROSS and LOCKWOOD, JJ., concur.