619 P.2d 739

**Genevieve J. COCKERHAM, a widow, Appellant,**

v.

**John ZIKRATCH and Irma Zikratch, husband and wife, Appellees.**

**No. 14682.**

Supreme Court of Arizona, In Division.

Oct. 21, 1980.

Rehearing Denied Nov. 25, 1980.

**232**

Mangum, Wall, Stoops & Warden by Robert W. Warden, Flagstaff, for appellant.

Murphy & Posner by Robert R. Bauer, Phoenix, for appellees.

GORDON, Justice:

Appellant Cockerham and her now—deceased husband entered into an agreement with appellees Mr. and Mrs. Zikratch regarding sixty acres of property in Sedona, Arizona.  This agreement provided that in the event of the death of one of the male parties, his surviving spouse would sell their entire interest to the other couple.  Mr. Cockerham died in May 1976.  A year later, Mrs. Cockerham made a demand on the Zikratches to buy the Cockerhams' interest according to the terms of the purchase agreement and to assume an obligation undertaken by both appellant and appellees after Mr. Cockerham's death in order to pay the September 1976 mortgage installment. The Zikratches refused to meet this demand.  Mrs. Cockerham filed a complaint on July 21, 1977, seeking specific performance of the agreement, payment of the amount due under its terms, payment of the obligation appellant and appellees incurred to make the 1976 mortgage payment, and payment of attorneys' fees and costs.

The Zikratches were served personally with copies of the Summons and Complaint in California, where they reside.  They retained an attorney, Blumenthal, who failed to file an answer after having obtained one extension of time through September 18, 1977.  Appellant obtained a default judgment September 26, 1977.  Appellees' attorney was aware of the default judgment by October 4, 1977, and appellees themselves had actual knowledge of it by December 1977, yet no attempt was made to have the default judgment set aside or vacated until appellant sought to enforce the judgment by execution sale in May 1978.  At that time the Zikratches, through Arizona counsel, obtained a temporary restraining order in Coconino County Superior Court enjoining the execution sale.  That court later issued a preliminary injunction restraining the sale and on July 7, 1978, vacated its default judgment.  It is from the trial

court's order setting aside the entry of default and vacating the default judgment that Mrs. Cockerham here appeals.

We have jurisdiction pursuant to A.R.S. § 12–2101(C) and Rule 19(e), 17A A.R.S., Rules of Civil Appellate Procedure. We reverse.

■ The vacation of a default judgment lies within the sound discretion of the trial court and will not be disturbed on appeal unless a clear abuse of discretion can be shown. *Eldridge v. Jagger*, 83 Ariz. 150, 317 P.2d 942 (1957); *State v. Oaks*, 3 Ariz. App. 174, 412 P.2d 743 (1966). Some legal justification for the vacation of judgment must exist, however, *Lynch v. Arizona Enterprise Min. Co.*, 20 Ariz. 250, 179 P. 956 (1919), and to vacate a default judgment without legal grounds is an abuse of discretion. *Marsh v. Riskas*, 73 Ariz. 7, 236 P.2d 746 (1951).

The order setting aside the default judgment in the case before us is silent as to the legal grounds on which it is based. The grounds available for setting aside a default judgment are set out in Rule 60(c) of our Rules of Civil Procedure, 16 A.R.S. Defendants assert that the trial judge could have based his vacation of the default judgment before us on either subsection (4) or subsection (6) of Rule 60(c).[1] Defendants' most serious argument, which they raised by supplemental brief, is that the default judgment in this case was void and therefore subject to vacation under Rule 60(c)(4) because the trial court lacked personal jurisdiction over defendants due to plaintiff's failure to file the affidavit of service required by Rule 4(e)(2), 16 A.R.S., Rules of Civil Procedure.

Rule 4(e)(2) provides in part as follows: "(b) *Direct service.* Service out of the state may also be made * * * by a person authorized to serve process under the law of the state where such service is made.

Service shall be complete when made * *, provided that before any default may be had on such service, there shall be filed an affidavit of service showing the circumstances warranting the utilization of the procedure under Section (4)(e)(1) and attaching an affidavit of the process server showing the fact of service." Rule 4(e)(2)(b), 16 A.R.S. Rules of Civil Procedure.

Although plaintiff filed affidavits of the process server showing the fact of service on defendants, she failed to file an affidavit of service showing the circumstances warranting the use of out-of-state service. The relevant portion of Rule 4(e)(1) states: "When a defendant is a non-resident of the state, * * * a summons shall be issued as in other cases and service may be made in accordance with Sections 4(e)(2) or 4(e)(3) of this Rule."

Rule 4(e)(2) provides:

*"Summons; personal service out of state.* When the defendant * * * is a person * * which has caused an event to occur in this state out of which the claim which is the subject of the complaint arose, service may be made as herein provided, and when so made shall be of the same effect as personal service within the state." Rule 4(e)(2), 16 A.R.S. Rules of Civil Procedure.

■ When considering the issue of jurisdiction, the court will review the pleadings and affidavits filed by the parties. *Chavez v. State of Ind., Logansport Hosp.*, 122 Ariz. 560, 596 P.2d 698 (1979). The verified complaint and affidavits of the process server filed by plaintiff at the time default judgment was entered reveal that defendants were residents of California where they were served personally with copies of the summons and complaint by a California Deputy Sheriff, that plaintiff and defendants entered into a contract executed in

---

1. Rule 60(c), 16 A.R.S., Rules of Civil Procedure, provides in part as follows:

"60(c) *Mistake; inadvertence; surprise; excusable neglect; newly discovered evidence; fraud, etc.* On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * (4) the judgment is void; * * * or (6) any other reason justifying relief from the operation of the judgment."

Arizona regarding the sale of real property in Arizona, and that the claim which is the subject of the complaint arose from that land contract. Considering the foregoing, there are sufficient facts to warrant the use of out–of–state service under Rule 4(e)(1) and to establish personal jurisdiction over defendants. *McGee v. International Life Insurance Company*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *Manufacturers' Lease Plans v. Alverson, Etc.*, 115 Ariz. 358, 565 P.2d 864 (1977).

■■ Although entering a default judgment in the absence of the required affidavit violated the mandate of Rule 4(e)(2)(b) and constitutes reversible error, lack of such an affidavit did not deprive the court of personal jurisdiction over defendants. Defendants had notice of plaintiff's complaint and an opportunity to defend. They do not claim that the trial court could not have obtained jurisdiction over them had an affidavit been filed. They claim only that failure to comply with a technicality prevented establishment of personal jurisdiction over them in the trial court. We hold that the failure to file the affidavit of service required by Rule 4(e)(2)(b), although reversible error, did not render the default judgment void for lack of personal jurisdiction where the facts to be contained in that affidavit appear in the verified complaint and affidavits of the process server.

■ In the case at bar, the trial court had both subject matter jurisdiction and personal jurisdiction. Finding no due process or other compelling consideration which negates the jurisdiction of the trial court, we hold that the default judgment, although entered without compliance with Rule 4(e)(2)(b), was erroneous but not void. Therefore, although the default judgment could have been later overturned on timely appeal, it was not subject to vacation by the trial judge under Rule 60(c)(4), 16 A.R.S., Rules of Civil Procedure.

Defendants also claim that the default judgment was void and subject to vacation under Rule 60(c)(4) because it was based on a complaint which failed to state a claim. They rely on language to this effect in two recent cases by the Court of Appeals: *Price v. Sunmaster*, 27 Ariz.App. 771, 558 P.2d 966 (1976) and *Walls v. Stewart Building & Roofing Supply, Inc.*, 23 Ariz.App. 123, 531 P.2d 168 (1975).

■ While it may be erroneous to enter a default judgment based on a technically deficient complaint, such a judgment is not necessarily void. We feel the better test is that set forth in *Tarnoff v. Jones*, 17 Ariz.App. 240, 497 P.2d 60 (1972): In order to support a default judgment, a complaint need not be technically sufficient, but must contain a plain and concise statement of the cause of action and give defendants fair notice of the allegations as a whole. A review of the complaint in this case satisfies us that it fulfills both facets of the above test and states a claim sufficient to support the default judgment before us.

■ Defendants further claim that the default judgment was void because it included, without proper basis, payment of future obligations and attorneys' fees. Their failure to recognize the distinction between void and erroneous judgments is evident. Void judgments are those rendered by a court which lacked jurisdiction, either of the subject matter or the parties. *Wahl v. Round Valley Bank*, 38 Ariz. 411, 300 P. 955 (1931); *Tube City Mining & Milling Co. v. Otterson*, 16 Ariz. 305, 146 P. 203 (1914); *see Milliken v. Meyer*, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed.2d 278 (1940). Erroneous judgments are those which have been issued by a court with jurisdiction but which are subject to reversal on timely direct appeal. *Stuart v. Winslow Elementary School District No. 1*, 100 Ariz. 375, 414 P.2d 976 (1966); *Tube City, supra.*

Confusion between void and merely erroneous judgments may stem from courts' often loose usage of the word "void." For instance, in *Collins v. Superior Court*, 48 Ariz. 381, 62 P.2d 131 (1936), this Court acknowledged as inaccurate its language in prior cases to the effect that violation of a certain procedural rule rendered judgments void. Noting that violations of the rule had always before been raised on direct appeal

as opposed to a collateral attack, this Court concluded that it had inadvertently used language in the prior cases which, if construed literally, would offend sound logic and authority. Chief Justice Lockwood wrote:

> "The present situation is but another proof of the truth of the old adage that 'even Jove nods' at times, and that appellate courts sometimes fail to realize that the exact meaning of their language, reaching a correct result when limited in its effect to the precise case before them, leads to an improper conclusion when applied to another and entirely different state of affairs. There are many cases in the reports where courts have used the word 'void,' where a close analysis of the facts shows that 'voidable' is what is really meant, and there have been instances where appellate tribunals have used the word 'jurisdiction' when, in reality, they meant, not the *power* to perform a certain act, but the *performing of it when it was prohibited*, a very different thing." (Emphasis in original.) *Collins, supra*, at 392–93, 62 P.2d at 137.

    It is important to remember that, at least with respect to jurisdiction, "void" is not synonymous with "wrong" or "erroneous." While the defects to which defendants here refer may well make the default judgment erroneous, they fall short of undermining jurisdiction so as to render that judgment void and subject to vacation under 60(c)(4).

    Defendants also claim that the default judgment could have been set aside due to gross neglect of their counsel under Rule 60(c)(6): "[A]ny other reason justifying relief from the operation of the judgment." 16 A.R.S., Rules of Civil Procedure,

Rule 60(c)(6). Under Rule 60(c), the neglect of their attorney is attributed to defendants, "and only when the attorney's omission or failure to act is legally excusable may relief be obtained." *Treadaway v. Meador*, 103 Ariz. 83, 84, 436 P.2d 902, 903 (1968). Defendants' contention that after the time has expired for making a motion for relief from a judgment for *excusable* neglect under Rule 60(c)(1), a motion may still be made under Rule 60(c)(6) for relief from a judgment due to *gross* neglect, or neglect which is not excusable, is illogical. We hold that motions for relief from final judgments based on neglect must be filed under Rule 60(c)(1), not 60(c)(6). *Accord, Klapprott v. United States*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266, *modified*, 336 U.S. 942, 69 S.Ct. 398, 93 L.Ed. 1099 (1949).

    Because we find no legal grounds for vacating the default judgment before us under any of the provisions of Rule 60(c), we hold that setting it aside amounted to an abuse of discretion by the trial court and must be reversed. We therefore reverse the trial court's order of July 7, 1978, setting aside the entry of default and vacating the default judgment in this case. The entry of default of September 20, 1977, and default judgment of September 26, 1977, are hereby reinstated.

STRUCKMEYER, C. J., and HOLOHAN, V. C. J., concur.