925 P.2d 689

**Richard CREACH and Alice Creach, dba Creach Construction, Plaintiffs–Appellees,**

v.

**William ANGULO and Noemi Angulo, husband and wife, Defendants–Appellants.**

No. 1 CA–CV 95–0202.

Court of Appeals of Arizona, Division 1, Department C.

March 5, 1996.

Review Granted Oct. 21, 1996.

sure and other requirements for psychologists is contained in Title 32, § 32–2061 *et seq.*

before the default judgment is entered. The relevant facts follow.

William and Noemi Angulo (the "owners") are California residents who own certain property in the town of Prescott Valley, Arizona. In February 1993, they contracted with Creach Construction to build a four-plex on this property. Richard and Alice Creach (the "builders") own Creach Construction and are residents of Arizona. After the builders completed construction and the town of Prescott Valley had issued a certificate of occupancy, the builders made demand for the final $7,000 owed on the contract. The owners failed to pay and this lawsuit followed.

The builders filed a complaint in Yavapai County Superior Court on December 15, 1994, and seven days later the owners were directly served with process at their California residence. The owners, however, failed to answer the complaint and on January 23, 1995, the builders applied for entry of default and mailed a copy to the owners and their attorney. The owners still made no response and on February 14 the trial court entered a default judgment. However, the builders did not file an affidavit showing the circumstances warranting the utilization of direct out of state service as required by Arizona Rule of Civil Procedure 4.2(b) until after the judgment was entered. Such an affidavit was filed on March 28.

The owners timely appealed from the judgment. The owners argue that reversible error is committed when a default judgment is entered against a party directly served out of state without an affidavit showing the circumstances warranting such service having been filed before the default judgment is entered. The builders counter that this affidavit requirement is a technicality and the violation in this case was harmless because the builders merely needed to file the affidavit with the trial court and did not need to serve it on the owners. The builders also note that the trial court already had in its file the same information that was required by the affidavit.[1]

Office of Daniel F. Furlong by Daniel F. Furlong, Prescott, for Plaintiffs–Appellees.

Goodman Law Firm, P.C. by Mark N. Goodman, Dennis M. McGrane, Thomas M. Stoxen, Prescott, for Defendants–Appellants.

**OPINION**

SULT, Judge.

We are asked to decide whether it is reversible error for a trial court to enter a default judgment against a properly served out of state party when an affidavit showing the circumstances warranting the utilization of direct service out of state is not filed

1. The builders also presented as an issue the late filing of a cost bond by the owners. This was decided against the builders by separate Order filed August 25, 1995.

■ This "affidavit of circumstances" requirement is found in Rule 4.2(b) of the Arizona Rules of Civil Procedure:

> Service of process may be made outside the state in the same manner provided in Rule 4.1(b) of these Rules [dealing with direct service] by a person authorized to serve process under the law of the state where such service is made. Such service shall be complete when made and time for purposes of Rule 4.2(h) shall begin to run at that time, *provided that before any default may be had on such service, there shall be filed an affidavit of service showing the circumstances warranting the utilization of this procedure* and attaching an affidavit of the process server showing the fact and circumstances of the service.

(Emphasis added). In the present case, affidavits from the out of state process server showing that service was properly accomplished were filed with the court before the default judgment was entered, but an affidavit explaining why such service was warranted was not filed until after the judgment. Under these circumstances, the trial court violated Rule 4.2(b) by entering a default judgment. The question remains, however, whether the violation requires reversal or whether it was harmless.

■ To justify the reversal of a case, there must not only be error, but the error must have been prejudicial to the substantial rights of the party. *State v. Whitman*, 91 Ariz. 120, 127, 370 P.2d 273, 278 (1962); *see also* Ariz. Const. art 6, § 27 (prohibiting reversal of a cause for technical error in pleading or proceedings). Furthermore, prejudice is not presumed but must appear from the record. *Whitman*, 91 Ariz. at 127, 370 P.2d at 278. Otherwise, the error is deemed harmless. *Id.* Rule 61 of the Arizona Rules of Civil Procedure defines harmless error as follows:

> No error or defect ... in anything done or omitted by the court or by any of the parties is ground for ... vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. *The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.*

(Emphasis added.)

■ To determine the nature of the error here, we first examine the rule's purpose. The Rule 4.2(b) affidavit requirement was adopted from and is almost identical to the requirement in former Rule 4(e)(2)(b). *See* State Bar Committee Note (1991) to Ariz. R. Civ. P. 4.2. The Rule 4(e)(2)(b) requirement was created in 1961 when the service of process rules were revised to reflect the changing parameters of personal jurisdiction. At that time, these parameters were undergoing a process of expansion by the United States Supreme Court as it redefined the permissible reach of state court jurisdiction over out of state residents. *See Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The 1961 amendments were intended to replace obsolete restrictions on out of state service and to "give to Arizona residents the maximum privileges which the Constitution of the United States permits them to have." *See* State Bar Committee Note (1961) to Ariz. R. Civ. P. 4(e) (1987 version).

We have found nothing in the history of the rule to indicate specifically what function this affidavit of circumstances was intended to perform. However, given the dramatic changes that the 1961 amendments created in Arizona's assertion of long arm jurisdiction, we believe the affidavit was intended to provide assurance to the trial court that its assertion of personal jurisdiction was constitutionally permissible. Such assurance was especially important in the default judgment context where the defendant has not answered the complaint and the record may not contain information necessary to determining the appropriateness of long arm jurisdiction. Thus, the affidavit requirement insures that the trial court receives this information before entering a default judgment.

What we do not find in the rule is any indication that the affidavit requirement con-

fers any substantial right on an out of state defendant properly served with process. To the contrary, the rule does not require service of the affidavit on the defendant and could not, therefore, have as a purpose the conveying of any information to him on which he is entitled to rely. It logically follows that a violation of the requirement does not prejudice a defendant.

This conclusion is reinforced when we compare Rule 4.2(b) with its companion rule, 4.2(c), dealing with service by mail on an out of state resident. Prior to 1991, the two rules were subsections of the same rule, Rule 4(e)(2)(b), and both did, and still do, authorize service on out of state residents in exactly the same circumstances. *See* Ariz. R. Civ. P. 4.2(a). As an illustration, if an Arizona resident wishes to sue a non-resident regarding an act committed by the non-resident in Arizona out of which the claim arises, the Arizonan may serve the non-resident either by direct service in his home state or by certified mail (or similar method) directed to him in his home state. The difference is that with direct service, Rule 4.2(b) requires the Arizonan to file with the court, in addition to the process server's return, the affidavit of circumstances explaining why service under this rule was justified. With service by mail under Rule 4.2(c), however, no such affidavit is required. All Rule 4.2(c) requires is an affidavit containing nothing more than the same information found in a process server's return.[2]

Why there is such a disparity in the requirements of these two service rules is not disclosed in the State Bar Committee Notes concerning Rule 4.2. Nor have we found any Arizona cases discussing this incongruity. What is apparent from this comparison, however, is the total lack of any prejudice to a properly served out of state defendant when a default judgment is entered without the affidavit of circumstances having first been filed.

Turning to the instant case, it is not a surprise that the owners do not allege any prejudice from the builders' violation of the affidavit requirement. Moreover, the owners do not allege that they were served improperly or that jurisdiction was in any way defective. Instead, they argue that reversible error occurred simply because the affidavit was not filed before the entry of judgment. They rely on *Cockerham v. Zikratch*, 127 Ariz. 230, 619 P.2d 739 (1980) for this assertion.

In *Cockerham*, a plaintiff appealed an order by the trial court setting aside a default judgment. The defendants argued that it was proper to vacate the default under Rule 60(c) as void because the affidavit of circumstances required by former Rule 4(e)(2)(b) had not been filed and therefore the trial court lacked personal jurisdiction. The court first noted that "[a]lthough plaintiff filed affidavits of the process server showing the fact of service on defendants, she failed to file an affidavit of service showing the circumstances warranting the use of out-of-state service." *Id.* at 233, 619 P.2d at 743. The court then stated:

> [Defendants] claim only that failure to comply with a technicality prevented establishment of personal jurisdiction over them in the trial court. We hold that the failure to file the affidavit of service required by Rule 4(e)(2)(b), *although reversible error*, did not render the default judgment void for lack of personal jurisdiction where the facts to be contained in that affidavit appear in the verified complaint and affidavits of the process server.

*Id.* at 234, 619 P.2d at 744 (emphasis added).

Admittedly, at first blush *Cockerham* would seem to require reversal in this case. However, it is important to note that the issue before the *Cockerham* court was whether the technical violation prevented establishment of personal jurisdiction, not whether it would otherwise be reversible er-

---

2. Rule 4.2(c) provides in pertinent part:

[T]he serving party shall file an affidavit with the court stating (1) that the party being served is known to be located outside the state; (2) that the summons and a copy of the pleading were dispatched to the party being served; (3) that such papers were in fact received by the party as evidence [sic] by the receipt, a copy of which shall be attached to the affidavit; and (4) the date of receipt by the party being served and the date of the return of the receipt to the sender.

**552**

ror. A court's statement on a question not necessarily involved in the case before it is dictum. *Town of Chino Valley v. City of Prescott*, 131 Ariz. 78, 81, 638 P.2d 1324, 1327 (1981), *appeal dismissed*, 457 U.S. 1101, 102 S.Ct. 2897, 73 L.Ed.2d 1310 (1982). Dictum is not binding precedent because, *inter alia*, it is without the force of adjudication and the court may not have been fully advised on the question.

It is readily apparent that the *Cockerham* court's statement regarding reversible error was hypothetical and not necessary to its holding. Moreover, the *Cockerham* court never considered the harmless error doctrine from article 6, section 27 of our constitution, Arizona Rule of Civil Procedure 61, and our case law. Furthermore, the *Cockerham* statement was inconsistent with other Arizona cases dealing with the impact of technical Rule 4(e) violations by inadequate affidavits. *See Brennan v. Western Savings and Loan Assoc.*, 22 Ariz.App. 293, 526 P.2d 1248 (1974); *Noonan v. Montgomery*, 24 Ariz. 311, 209 P. 302 (1922). We therefore conclude that the statement from *Cockerham* was dictum and is not binding precedent.

In the present case, we conclude that the Rule 4.2(b) violation did not prejudice any substantial right of the owners nor was the entry of default judgment inconsistent with substantial justice. The owners had notice of the builders' complaint and an opportunity to defend. The facts contained in the late affidavit of service were duplicative of facts already in the record before the trial court, namely in the complaint and the process server's affidavit. We find that the Rule 4.2(b) affidavit of circumstances requirement is a technicality and its violation in this case was harmless error.

We have considered appellees' request for attorney's fees but do not find such an award to be appropriate. For the reasons stated above, we affirm the default judgment entered by the trial court.

McGREGOR, P.J., and TOCI, J., concur.