941 P.2d 224

**Richard CREACH and Alice Creach, d/b/a Creach Construction, Plaintiffs/Appellees,**

v.

**William ANGULO and Noemi Angulo, Defendants/Appellants.**

**No. CV 96–0243–PR.**

Supreme Court of Arizona, En Banc.

June 24, 1997.

Law Office of Daniel F. Furlong by Daniel F. Furlong, Prescott, for Plaintiffs/Appellees.

Goodman Law Firm, P.C. by Thomas M. Stoxen, Mark N. Goodman, Prescott, for Defendants/Appellants.

## OPINION

JONES, Vice Chief Justice.

Creach Construction, owned by Richard and Alice Creach (the Creaches), contracted with California residents William and Noemi Angulo (the Angulos) to build a four-plex on property the Angulos owned in Prescott Valley, Arizona. On completion of the work, the Angulos refused to pay a portion of the agreed price, and the Creaches brought this action in the Yavapai County Superior Court to enforce the contract. The summons and complaint were served personally on the Angulos in California under Arizona Rule of Civil Procedure 4.2(b) providing for direct service outside the state. Affidavits by the California process server showing service on the Angulos at their California residence were filed with the court in Yavapai County.

The Creaches did not file an affidavit showing circumstances warranting utilization of out-of-state service, although Rule 4.2(b) requires such affidavit before a default may be entered. The Angulos failed to answer or otherwise plead to the complaint, whereupon the Creaches applied for entry of default and mailed a copy of the application to the Angulos and their attorney. Again, the Angulos made no response, and the trial court entered a default judgment against them. Only after the Angulos filed a notice of appeal did the Creaches file the required Rule 4.2(b) affidavit.

The court of appeals affirmed the default judgment, finding that "the Rule 4.2(b) affidavit of circumstances requirement is a technicality and its violation in this case was harmless error." *Creach v. Angulo,* 186 Ariz. 548, 552, 925 P.2d 689, 693 (App.1996). The court expressly rejected the Angulos' argument that failure to file an affidavit of circumstances constitutes reversible error. Although the argument was based on this court's opinion in *Cockerham v. Zikratch,* 127 Ariz. 230, 619 P.2d 739 (1980), the court of appeals found that our reference to "reversible error" in *Cockerham* was *dictum* and thus should not be treated as binding precedent. *Creach,* 186 Ariz. at 552, 925 P.2d at 693. We agree with the court of appeals and issue this opinion because the case raises an important matter of procedure involving out-of-state personal service and because we distinguish the instant case from our recent opinion in *Postal Instant Press v. Corral Restaurants, Inc.,* 186 Ariz. 535, 925 P.2d 260 (1996), which addressed the related requirement under Rule 4.1(c)(2) that a party served by first-class mail within the state must sign and return a formal oath or affirmation acknowledging such service.

We have jurisdiction pursuant to Arizona Constitution article VI, section 5(3), and Rule 23 of the Arizona Rules of Civil Appellate Procedure.

## DISCUSSION

### A. *Cockerham Dictum*

The court of appeals determined that the term "reversible error" as used in *Cockerham* was *dictum* and not binding legal precedent. We said:

> [T]he failure to file the affidavit of [out-of-state] service required by Rule 4(e)(2)(b), *although reversible error,* did not render the default judgment void for lack of personal jurisdiction where the facts to be contained in that affidavit appear in the verified complaint and affidavits of the process server.

*Cockerham,* 127 Ariz. at 234, 619 P.2d at 743 (emphasis added).

The court of appeals concluded:

> [T]he issue before the *Cockerham* court was whether the technical violation prevented establishment of personal jurisdiction, not whether it would otherwise be reversible error. . . . It is readily apparent that the *Cockerham* court's statement regarding reversible error was hypothetical and not necessary to its holding.

*Creach,* 186 Ariz. at 551–52, 925 P.2d at 692–93.

The *Cockerham* defendants, as here, were personally served at their California residence and failed to file an answer. The Arizona plaintiff obtained a default judgment. When the plaintiff sought to enforce the judgment by execution sale, defendants obtained a *temporary restraining order* enjoining the sale, and the trial court vacated the default judgment. On appeal, this court addressed the argument that the default was void and subject to vacation under Arizona Rule of Civil Procedure 60(c)(4) because the trial court lacked jurisdiction over the defendants due to plaintiff's failure to file the affidavit showing circumstances warranting

service outside the state.[1] We concluded that information contained in the verified complaint and the affidavits of service by the process server furnished sufficient facts to warrant the use of out-of-state service and to establish personal jurisdiction. The absence of an affidavit of circumstances in *Cockerham* thus did not deprive the court of personal jurisdiction over the defendants, and the default judgment was not void.

 Our conclusion that the *Cockerham* judgment was valid did not necessitate reference to "reversible error" in connection with the missing affidavit. To have found mere "error" would have been sufficient. The court of appeals in the instant case correctly determined the reference was *dictum,* and perhaps misleading. Clearly, it is error for a court to justify a litigant's failure to file an affidavit required by a rule of civil procedure. The question is not whether error occurred, but whether it is harmless, that is, whether it is of such technical, non-prejudicial character that neither party may raise a legitimate or meritorious basis of complaint.

 Reversible error is, "[i]n appellate practice, such an error as warrants the appellate court in reversing the judgment before it; substantial error, that which reasonably might have prejudiced the party complaining." *Black's Law Dictionary* 543 (6th ed.1990); *see State v. Brady,* 105 Ariz. 190, 196, 461 P.2d 488, 494 (1969) ("This Court has held many times that in order to justify a reversal an error must be prejudicial under the facts of the case.").

 We reject the notion that the term "reversible error" in *Cockerham* suggests a rule that must govern every case involving a missing 4.2(b) affidavit of circumstances. The court of appeals correctly stated:

> To justify the reversal of a case, there must not only be error, but the error must have been prejudicial to the substantial rights of the party. *State v. Whitman,* 91 Ariz. 120, 127, 370 P.2d 273, 278 (1962); *see also* Ariz. Const. art. 6, § 27 (prohibiting reversal of a cause for technical error

---

1. At the time *Cockerham* was decided, the affidavit of circumstances was required by Arizona Rule of Civil Procedure 4(e)(2). The pertinent provisions of that rule are currently incorporated in Rule 4.2(b).

in pleading or proceedings). Furthermore, prejudice is not presumed but must appear from the record. *Whitman*, 91 Ariz. at 127, 370 P.2d at 278. Otherwise, the error is deemed harmless. *Id.* Rule 61 of the Arizona Rules of Civil Procedure defines harmless error as follows: "No error or defect ... in anything done or omitted by the court or by any of the parties is ground for ... vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. *The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.*"

*Creach*, 186 Ariz. at 550, 925 P.2d at 691. Accordingly, whether failure to file the Rule 4.2(b) affidavit is reversible depends on the specific circumstances of each case.

### B. *Harmless Error*

The court of appeals found that violation of the affidavit requirement did not prejudice any substantial right of the Angulos and that the entry of default judgment was not inconsistent with substantial justice. 186 Ariz. at 552, 925 P.2d at 693. To reach this conclusion, the court analyzed the purpose of the requirement:

> [W]e believe the affidavit was intended to provide assurance to the trial court that its assertion of personal jurisdiction was constitutionally permissible. Such assurance was especially important in the default judgment context where the defendant has not answered the complaint and the record may not contain information necessary to determining the appropriateness of long arm jurisdiction. Thus, the affidavit requirement insures that the trial court receives this information before entering a default judgment.

*Id.* at 550, 925 P.2d at 691. The court concluded that the affidavit requirement did not confer a substantial right on an out-of-state defendant and that violation of this require-

ment did not result in prejudice: "We find that the Rule 4.2(b) affidavit of circumstances requirement is a technicality and its violation *in this case* was harmless error." *Id.* at 552, 925 P.2d at 693 (emphasis added). We interpret the court of appeals' opinion to mean that omission of the affidavit was harmless "in this case," where its purpose was to inform the court, and where the court, having received the complaint and the process server's affidavits, possessed documented information sufficient to confirm personal jurisdiction over the defendants.

We recently held in *Postal* that omission of the defendant's affidavit acknowledging personal service by mail as required by Rule 4.1(c)(2)[2] was not a mere technicality and that such omission deprived the court of authority to enter default judgment under A.R.S. § 12–1598.13(H). 186 Ariz. at 538, 925 P.2d at 263. *Postal* is distinguishable because there, plaintiffs sent the summons and complaint to defendants by certified mail but, contrary to the rule, neglected to furnish an acknowledgment of receipt to be executed under oath or affirmation by the party served. A return postal receipt was signed but not by a named defendant in the litigation. *Id.* at 537, 925 P.2d at 262. Moreover, because the *Postal* plaintiffs chose alternative service by mail instead of direct service, the court file contained no affidavit by a process server. We held that service was not complete because the trial court had no factual or documented basis in the record by which to establish completed service on the defendants. *Id.* at 538, 925 P.2d at 263. The file was devoid of such evidence, and the defendants were thereby substantially prejudiced by the omission.

In contrast to *Postal*, affidavits in the instant case were executed and filed by the process server, providing a record in the trial court that service of the summons and complaint on the named defendants had been obtained. Moreover, here, as in *Cockerham*, the complaint and the affidavits of the pro-

---

**2.** The court notes that Rule 4.1 was amended, effective December 1, 1996, and no longer requires an acknowledgment of service signed by the party served. The new rule, among other things, encourages parties to avoid unnecessary costs by providing that plaintiffs may, in writing, notify and request defendants to waive service, and imposes the cost of personal service on those who fail to waive without good cause.

cess server contained all information necessary to demonstrate the reasons for long-arm service, and all such documents had been filed with the court prior to entry of the default judgment.

The Angulos' only claim of prejudice is that "Arizona jurisdiction has been extended over them without the Arizona trial court having been fully informed of the circumstances warranting the use of out-of-state service and compliance with due process." This claim is without merit. The complaint and affidavits of the process server accurately informed the trial court that the Angulos were California residents and that the subject matter of the dispute was a construction contract involving Arizona property. The Angulos do not claim that the information before the trial court was inaccurate, nor do they claim that additional information was necessary to establish personal jurisdiction over out-of-state defendants. They have shown no prejudice and merely demand compliance with a technical rule.

## DISPOSITION

The Creaches' failure to file the affidavit of circumstances required by Arizona Rule of Civil Procedure 4.2(b) was harmless error, not reversible error, and the Angulos' rights were not prejudiced. We therefore affirm the default judgment entered by the trial court and approve the decision of the court of appeals. Respondents' request for attorneys' fees is denied.

ZLAKET, C.J., and FELDMAN, MOELLER and MARTONE, JJ., concur.