NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

JAMES MARTIN MITCHELL, MD,
*Plaintiff/Appellant*,

*v.*

TODD MARTINET, as an individual and in his official capacity as police officer employed by the City of Flagstaff; RYAN DARR, as an individual and in his capacity as police officer employed by the City of Flagstaff; JONATHAN MOSHER, as an individual and in his official capacity as Deputy Coconino County Attorney; BRYAN SHEA, as an individual and in his official capacity as Deputy Coconino County Attorney; AMMON BARKER, as an individual and in his official capacity as Deputy Coconino County Attorney; PHILIP JAY MCCARTHY, as a private party state actor; MARY S. SMITH RN, as a private party state actor; MATTHEW L. SMITH, as a private party state actor; ANDREW N. SMITH, as a private party actor; SOPHIA L. SMITH, as a private party state actor; KARA MCALISTER, as an individual and in her capacity as probation officer; STACY KRUEGER, as an individual and in her capacity as Deputy Coconino County Attorney; WILLIAM RING, in his official capacity as Coconino County Attorney; DAN MUSSELMAN, in his official capacity as Police Chief City of Flagstaff; THE COUNTY OF COCONINO, a political subdivision of the State of Arizona; THE CITY OF FLAGSTAFF, a political subdivision of the State of Arizona, *Defendants/Appellees*.

No. 1 CA-CV 25-0079
FILED 11-19-2025

———————————————

Appeal from the Superior Court in Coconino County
No. S0300CV202400376
The Honorable Brent Davidson Harris, Judge *Pro Tem, (Retired)*

**AFFIRMED**

COUNSEL

James Martin Mitchell, Phoenix
*Plaintiff/Appellant*

Broening Oberg Woods & Wilson, P.C., Phoenix
By Donald Wilson, Jr., Kelley M. Jancaitis
*Counsel for Defendant/Appellee Phillip Jay McCarthy*

## MEMORANDUM DECISION

Judge Andrew J. Becke delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Michael J. Brown joined.

**B E C K E**, Judge:

**¶1**        James Martin Mitchell appeals the superior court's dismissal of his claims against sixteen defendants. For reasons that follow, we affirm.

### FACTUAL[1] AND PROCEDURAL HISTORY

**¶2**        On June 6, 2024, Mitchell filed a complaint in superior court asserting five 42 U.S.C. § 1983 claims against various defendants including the Flagstaff police chief, two Flagstaff police officers, five Deputy Coconino County Attorneys, one probation officer, the County of Coconino, the City of Flagstaff, his former wife and their three children ("the Smiths"), and Philip Jay McCarthy, the Smiths' attorney.

**¶3**        The complaint arises from Mitchell's contentious relationship with his former wife, specifically when she hired McCarthy and sought an order of protection against Mitchell. McCarthy, on behalf of the Smiths, filed a police report and testified in court that Mitchell was stalking them. Based on this testimony, Flagstaff police investigated Mitchell and eventually indicted him on various charges including felony stalking.

---

[1] In reviewing the dismissal of a complaint under Arizona Rule of Civil Procedure ("Rule") 12(b)(6), we "assume the truth of all well-pleaded factual allegations and indulge all reasonable inferences from those facts." *Coleman v. City of Mesa*, 230 Ariz. 352, 355–56, ¶¶ 7, 9 (2012).

Although the felony stalking charge was dismissed before trial, Mitchell accepted a plea agreement on the other charges.

¶4        In his complaint, Mitchell first alleged the Coconino County Attorneys participated in "malicious prosecution" and deprived him of due process when they "concealed evidence" that McCarthy and the Smiths "lied under oath" while seeking a protective order against him. Mitchell's second claim was asserted against all defendants and alleged they deprived him of due process and "made an unreasonable seizure of [his] personal property." He also specifically alleged Coconino County and Flagstaff failed "to adopt clear policies" and properly train their police officers, detectives, attorneys, and probation officers.

¶5        Mitchell's third and fourth claims were asserted against the probation officer and the two police officers involved in his criminal case. He alleged the probation officer knowingly made false statements in her presentence probation report and conspired with the Coconino County Attorney's Office to "conceal exculpatory evidence resulting in the denial of due process." Mitchell also alleged the police officers tampered with evidence, failed to "thoroughly investigate [] false allegations," "failed to perform [their] duties in a professional manner," "misled the grand jury," and "covered up the misconduct." Mitchell's fifth and final claim alleged the Smiths and McCarthy knowingly made false statements in superior court and in a police report to secure a protective order.

¶6        Mitchell served the summons and complaint on the Smiths through a private process server on June 24th. The Smiths filed an answer on July 12th, setting forth their denials and affirmative defenses.

¶7        On August 13th[2], Presiding Judge Reed issued an administrative order modifying case assignments, effective October 1st. The order explained "any matters pending a ruling or under advisement, [would] be completed by the current judge presiding over that case prior to

---

[2] We grant McCarthy's and the Smiths' request to take judicial notice of the public administrative order restructuring case assignments in Coconino superior court. *See* Coconino Superior Court Administrative Order No. 2024-16 (August 13, 2024); Ariz. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

transferring the case." The order reassigned Mitchell's civil case from Judge Fridlund-Horne to Judge Harris.

**¶8**        On September 7th, Mitchell moved for a 60-day extension to serve the remaining 12 defendants because he had "financial hardship" and was "without funds to use a private process server." Mitchell stated he would "request that the [d]efendants accept service." Mitchell made no further efforts to serve the other defendants.

**¶9**        On October 28th, Judge Harris denied Mitchell's motion and dismissed all non-served defendants because Mitchell failed to state a cause for his delay and failed to seek waivers of acceptance of service. Mitchell appealed this order, but we dismissed his appeal because the order was neither final nor did it contain Rule 54(b) finality language. Mitchell then petitioned this court for special action relief, but we declined jurisdiction.

**¶10**        McCarthy accepted service under Rule 4(f)(2) and moved to dismiss Mitchell's complaint under Rule 12(b)(6). McCarthy argued the case abated because Mitchell had filed an action[3] in the superior court one month earlier alleging "the same facts and circumstances between the same parties and [sought] the same universe of damages." The Smiths joined McCarthy's motion to dismiss.

**¶11**        McCarthy moved to dismiss the first action on the grounds that "reporting misconduct to law enforcement and making statements in furtherance of a judicial proceeding to obtain an order of protection — is absolutely privileged from suit."

**¶12**        Mitchell responded and argued his claim should not be dismissed because the causes of action in the two cases were different. Mitchell also argued McCarthy and the Smiths were "witness conspirators" and could not be granted "absolute immunity protections" from "lying under oath . . . and filing a fraudulent police report." The superior court granted the motion to dismiss after "finding good cause" and dismissed all claims against McCarthy and the Smiths with prejudice.

**¶13**        Mitchell timely appealed and moved for a change of judge for cause on the same day. Mitchell's motion alleged Judge Harris violated procedural due process when he "interjected himself into the proceedings" before Judge Fridlund-Horne "recused herself." Presiding Judge Reed denied Mitchell's motion, stating all civil matters were transferred to Judge

_____

[3] McCarthy moved the superior court to take judicial notice of the prior case's records.

Harris on October 1st. The superior court entered a final judgment with Rule 54(c) language. Except as discussed below, we have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), -2101(A)(1).

## DISCUSSION

**¶14** The Smiths did not file an answering brief. Because no "debatable question is raised by the appeal," we decline to treat that failure as a concession of reversible error. *Navarro v. State*, 32 Ariz. 119, 120 (1927).

## I. Judge Fridlund-Horne Did Not Deny Mitchell a Fair Adjudication.

**¶15** Mitchell first argues he was denied "fair adjudication" when Judge Fridlund-Horne failed to "timely recuse herself" and failed to rule on pending motions after issuance of Administrative Order No. 2024-16.

**¶16** As an initial matter, Mitchell fails to identify any grounds requiring Judge Fridlund-Horne's recusal. This case was transferred to Judge Harris under the superior court's periodic rotation of judicial calendars. *See* Coconino Superior Court Administrative Order No. 2024-16 (August 13, 2024). As for ruling on pending motions, the only motion filed before the administrative transfer of the case was Mitchell's motion for extension of time to serve the remaining defendants. No response to the motion had been filed as of October 1st, so it is unclear whether the superior court treated it as pending.

**¶17** Judge Harris ruled on Mitchell's motion on October 28th. Mitchell fails to show how this denied him fair adjudication or prejudiced him in any way. Because Mitchell does not provide any legal citations nor develop his legal argument on appeal, he has waived this argument. *See* ARCAP 13; *Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022) (waiving issues on appeal for failure to comply with ARCAP 13).

## II. We Lack Jurisdiction to Consider Mitchell's Arguments on His Denied Motion for a Change of Judge.

**¶18** Mitchell next argues he never received notice of the case's reassignment and only became aware of reassignment after the case was dismissed, denying him the opportunity to "remove Judge Harris as a matter of right."

**¶19**        The appeal before us is an appeal of Judge Harris's January 7, 2025 order granting McCarthy's and the Smiths' motion to dismiss Mitchell's claims. Mitchell moved for a change of judge for cause on January 9th. Presiding Judge Reed issued an order on January 17th denying his motion for failure to state a claim. Because we lack jurisdiction over matters not contained in the present notice of appeal, we will not consider Mitchell's arguments on the same. A.R.S. § 12-120.21(A); *Lee v. Lee*, 133 Ariz. 118, 124 (App. 1982).

### III.     Mitchell Was Not Prejudiced by the Rule 4(i) Dismissal.

**¶20**        Mitchell also argues the superior court's dismissal of the unserved defendants is "invalidate[d]" because the court never provided notice of the dismissal per Rule 4(i). We review the interpretation and application of procedural rules *de novo. Fen Investments, LLC v. Fonzi Food*, 257 Ariz. 533, 539, ¶ 22 (App. 2024).

**¶21**        Rule 4(i) states:

> If a defendant is not served with process within 90 days after the complaint is filed, the court—on motion, or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

**¶22**        Mitchell argues Rule 4(i) requires superior courts to "provide notice to a plaintiff before dismissal for lack of service." And because "[he] never received notice that dismissal was being considered," the court's dismissal was procedurally defective.

**¶23**        Although Rule 4(i) does require the superior court to provide notice for a *sua sponte* dismissal for failure to timely serve defendants, Mitchell was clearly on notice of the possibility of dismissal and was aware of the possible consequences of missing the 90-day deadline because he filed a motion for extension of time to serve.

**¶24**        To justify reversal, "there must not only be error, but the error must have been prejudicial to the substantial rights of the party." *Creach v. Angulo*, 189 Ariz. 212, 214 (1997). And we do not presume such prejudice but rather it "must appear from the record." *Id*. at 215; Ariz. R. Civ. P. 61 ("Unless justice requires otherwise, an error . . . by the court . . . is not grounds for . . . vacating, modifying, or otherwise disturbing a judgment or

order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").

¶25            Mitchell filed his complaint on June 6, 2024 and had until September 4, 2024 to serve all sixteen defendants. Rule 4(i). Mitchell personally served four defendants by private process server on June 24th. On September 7th, three days after the deadline to serve, Mitchell moved for a 60-day extension to serve the remaining defendants. When Mitchell moved for an extension of time to serve defendants, he was on notice that his complaint against those unserved defendants could be dismissed.

¶26            Furthermore, Mitchell could have served the remaining defendants before the superior court ruled on his motion for extension—almost 50 days later—but he made no attempts to do so. And even if the court provided notice before dismissing the case, it denied Mitchell's motion for extension of time. The action would be dismissed regardless of what Mitchell did after receiving notice of the court's intent of dismissal. Accordingly, any error committed by the court was harmless and Mitchell's rights were not prejudiced.

## IV.    Mitchell Fails to Establish Judicial Bias.

¶27            Mitchell next contends that because Judge Harris did not disclose his previous employment as chief prosecutor for the City of Flagstaff, he violated Mitchell's due process rights and Arizona Code of Judicial Conduct Rule 2.11. Mitchell does not explain why this previous employment would be a conflict of interest nor does he explain how it is evidence of judicial bias.

¶28            Judicial officers are presumed to be fair and impartial, and a party has the burden of rebutting that presumption by a preponderance of the evidence. *Costa v. Mackey*, 227 Ariz. 565, 571, ¶ 12 (App. 2011). Mitchell has failed to meet that burden. Additionally, because Mitchell failed to raise this issue before the superior court, he has waived the issue on appeal. *Cont'l Lighting & Contracting, Inc. v. Premier Grading & Utils., LLC*, 227 Ariz. 382, 386, ¶ 12 (App. 2011).

## V.    Mitchell's Claim Is Barred on Grounds of Abatement and Claim Preclusion.

**¶29**    Lastly, Mitchell argues McCarthy's and the Smiths' motion to dismiss was improperly granted because they "do not have absolute immunity as witness conspirators" and "are not protected by the previous action" Mitchell filed in superior court. Much of Mitchell's opening brief discusses immunity as it relates to officials claiming immunity under 42 U.S.C. § 1983 and how McCarthy and the Smiths cannot use "immunity" as a defense to his allegations.

**¶30**    Mitchell confuses the legal issues. His complaint was dismissed on abatement and claim preclusion grounds, not because the superior court granted McCarthy and the Smiths absolute immunity from prosecution. Nevertheless, we review *de novo* the dismissal of a complaint under Rule 12(b)(6). *Coleman*, 230 Ariz. at 355, ¶ 7.

**¶31**    When two actions "between the same parties and for the same cause" are filed in the same jurisdiction, the later-filed action abates. *Rohan Mgmt., Inc. v. Jantzen in & for Cnty. of Mohave*, 246 Ariz. 168, 173, ¶ 13 (App. 2019) (noting same parties and same cause "ordinarily is . . . [when] the two actions present a substantial identity as to parties, subject matter, issues involved, and relief demanded").

**¶32**    Similarly, claim preclusion applies "when a former judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties or their privities was, or might have been, determined in the former action." *Hall v. Lalli*, 194 Ariz. 54, 57, ¶ 7 (1999). "[T]here must be a final judgment on the merits[] and [] a common 'identity of the parties, the capacity in which they appear, the subject matter, and the cause of action.'" *Matusik v. Ariz. Pub. Serv. Co.*, 141 Ariz. 1, 3 (App. 1984) (quoting *El Paso Nat. Gas Co. v. State*, 123 Ariz. 219, 222 (1979)).

**¶33**    In their motion to dismiss, McCarthy and the Smiths asked the superior court to take judicial notice of Mitchell's first action filed in May 2024 and to dismiss Mitchell's second action on abatement and claim preclusion grounds. The court granted the motion to dismiss after reviewing McCarthy and the Smiths' motion and found good cause to dismiss. While we do not have records of the first action in the record on appeal, we presume documents not included in the appellate record support the superior court's ruling. *Myrick v. Maloney*, 235 Ariz. 491, 495, ¶ 11 (App. 2014).

**¶34** If Mitchell wished to contest the dismissal of his first action based on the application of absolute immunity, he had to timely appeal that dismissal. Therefore, Mitchell has failed to show error.

**CONCLUSION**

**¶35** We affirm the superior court's ruling. As the successful party on appeal, McCarthy is entitled to recover taxable costs upon compliance with ARCAP 21. *See* A.R.S. § 12-342(A).

